Jeffrey Edward STEINOCHER,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–00455–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 23, 2003.

Discretionary Review Dismissed
Feb. 18, 2004.

Jeffrey Edward Steinocher, Huntsville, pro se.

Stephen A. Doggett, Richmond, for Appellant.

John F. Healey, Jr., Dist. Atty.–Fort Bend County, and John H. Harrity, III, Asst. Dist. Atty.–Fort Bend County, Richmond, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Jeffrey Edward Steinocher, pleaded guilty to two counts of aggravated assault. Pursuant to a plea bargain agreement, the trial court deferred adjudication of guilt and placed appellant on five years' probation. After the State filed a motion to adjudicate guilt, appellant entered a plea of true, and the trial court adjudicated appellant guilty of aggravated assault and assessed punishment at 16 years' confinement. The trial court denied appellant's request to appeal. In four issues, appellant (1) challenges the trial court's denial of his request to appeal; (2) contends that his original plea was involuntary; (3) argues that there was insufficient evidence to establish that he committed aggravated assault; and (4) seeks reformation of the judgment to reflect additional credit for time served. We lack jurisdiction to consider issues one through three and affirm the judgment as to issue four.

## Background

On July 2, 1996, appellant pleaded guilty to two counts of aggravated assault. Pursuant to a plea bargain agreement, the trial court deferred adjudication of guilt and placed appellant on five years' probation with several conditions. While appellant was on probation, and in response to the State's motion, the court increased appellant's probation term to 10 years and imposed several additional probation conditions. In February 2000, appellant pleaded true to the State's motion to adjudicate guilt. One month later, the trial court adjudicated appellant guilty and sentenced him to 16 years' confinement.

In September 2002, appellant filed a motion with the trial court to obtain permission to appeal; the trial court denied the motion. In October 2002, the trial court again denied appellant permission to appeal either the original judgment, in which deferred adjudication was granted, or the latter judgment, in which the deferred adjudication was revoked and appellant was sentenced. Appellant then filed an amended notice of appeal with the District Attorney claiming that his original plea was involuntary, that there was insufficient evidence to support his plea, and that he should receive credit against his sentence for concurrent additional time served on other cases. Appellant admits in his notice of appeal that the trial court did not give its permission to appeal, but claims that such denial was improper.

## Jurisdiction

██ As a threshold matter, we must first discuss the State's contention that we are without jurisdiction to consider the merits of this appeal because appellant has failed to comply with the requirements of former Texas Rule of Appellate Procedure 25.2(b)(3).[1] We agree as to appellant's first three issues.

According to former Rule 25.2(b)(3), in order to perfect his appeal, a defendant

---

1. TEX.R.APP. P. 25.2(b)(3) (amended Jan. 1, 2003).

who pleaded guilty or nolo contendere pursuant to a plea bargain and was sentenced in accordance with the bargain had to comply with the extra-notice provisions of the rule. Specifically, in such a case, the notice of appeal had to state: (1) the appeal was for a jurisdictional defect, (2) the substance of the appeal was raised by written motion and ruled on pre-trial, or (3) the trial court granted permission to appeal. *See* former Tex.R.App. P. 25.2(b)(3). The Court of Criminal Appeals held that former Rule 25.2(b)(3) applied to defendants placed on deferred adjudication probation. *Woods v. State,* 68 S.W.3d 667, 669 (Tex. Crim.App.2002). Rule 25.2(b)(3) controlled appeals made either before or after an adjudication of guilt by a defendant placed on deferred adjudication who challenged an issue relating to his conviction. The only exception to this rule was that an appellant sentenced under a guilty plea agreement could appeal issues unrelated to his conviction. *Kirtley v. State,* 56 S.W.3d 48, 51 (Tex.Crim.App.2001); *Vidaurri v. State,* 49 S.W.3d 880, 885 (Tex.Crim.App. 2001). When Rule 25.2(b)(3) applied, the failure of an appellant to follow the rule deprived this Court of jurisdiction over the appeal. *White v. State,* 61 S.W.3d 424, 428–29 (Tex.Crim.App.2001).

In this case, appellant and the State entered into a plea agreement when appellant pleaded guilty to the aggravated assault charges and was placed on deferred adjudication as per the plea bargain. For Rule 25.2(b)(3) purposes, "when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilty, he later assesses any punishment within the range allowed by law." *Vidaurri,* 49 S.W.3d at 885. Here, after the trial court adjudicated appellant guilty, the trial court sentenced appellant to 16 years-a punishment within the applicable punishment range allowed by law for two counts of aggravated assault with a deadly weapon (two–20 years confinement). Therefore, appellant was required to comply with Rule 25.2(b)(3) in filing his appeal.

■ Appellant failed to comply with Rule 25.2(b)(3). He first filed a general notice of appeal that lacked the extra-notice provisions of the rule. In an amended notice of appeal, appellant specified his four issues for appeal. However, a notice of appeal must include recitations meeting the extra-notice requirements of the rule. Tex.R.App. P. 25.2(b)(3)(A)-(C). In his amended notice, appellant amended notice, he still did not comply with the extra-notice requirements of the rule. Thus, his amended appeal was also a general notice of appeal. As this court has held, "noncompliance, either in form or in substance, will result in a failure to properly invoke this Court's jurisdiction over an appeal to which the rule applies." *Flores v. State,* 43 S.W.3d 628, 629 (Tex.App.-Houston [1st Dist.] 2001, no pet.). Here, by not specifying that he was appealing a jurisdictional issue, one that was raised by a written pretrial motion, or with the trial court's permission, appellant failed to comply in form with the rule. Because appellant's notice of appeal does not comply with the requirements of former Rule 25.2(b)(3), we lack jurisdiction to consider appellant's first three issues.

### Credit for Time Served

■ In his fourth issue, appellant claims that the judgment should be reformed to give him additional credit for time served. As this issue is unrelated to his conviction, the *Vidaurri* exception applies, and conformity with Rule 25.2(b)(3) was not required. *Vidaurri* 49 S.W.3d at 885 (holding that the limitations of Rule

25.2(b)(3) do not apply to an appeal raising an issue unrelated to conviction); *see also Kirtley v. State,* 56 S.W.3d at 51. Therefore, we address the merits of appellant's fourth issue.[2]

Appellant argues that, while he was on deferred adjudication probation and while a motion to adjudicate was pending, he was sentenced to two concurrent state jail felony sentences of two years and 315 days. He claims that he should be given credit for two years against the sentence in this case.

 Article 42.03, section 2(a) provides that an appellant shall be given credit on his sentence for the time he spent in jail from the time of his arrest until he is sentenced, excluding confinement served as a condition of community supervision. TEX.CODE CRIM. PROC. art. 42.03 § 2(a) (Vernon 2003). Here, the judgment reflects that appellant received credit for 373 days. Although there are no findings or support in the record to corroborate this determination of credit, appellant argues that the credit reflects the time he spent in jail from September 2001, to April 22, 2002, plus some time previously spent in jail while charges or motion to adjudicate were pending. Nevertheless, appellant argues that he is entitled to an additional two years credit for time served. While appellant may be entitled to additional jail credit under article 42.03, section 2(a), the record is unclear. Therefore, appellant has not shown he is entitled to two years

credit on this case. As a result, we affirm the judgment.[3]

## Conclusion

We dismiss the appeal for lack of jurisdiction in part and affirm in part.

---

2. Appellant was not required to lodge an objection in the trial court to later seek credit for time served. *See Joseph v. State,* 3 S.W.3d 627, 643 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

3. Although this Court may sometimes reform the judgment, when an appellant has been denied credit for jail time to which he is entitled, the preferred practice is for the trial

court to issue a nunc pro tunc order authorizing the appropriate credit. *See Ex Parte Evans,* 964 S.W.2d 643, 645 n. 2 (Tex.Crim.App. 1998). Alternatively, an inmate, after complying with the requirements of the Texas Government Code, section 501.0081, may file an application for a writ of habeas corpus to receive such time-credits. TEX. GOV'T CODE ANN. § 501.0081 (Vernon Supp 2003).