In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-196 CR


____________________



PHYLLIS MARIE DAVIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause No. 90063






MEMORANDUM OPINION


 Phyllis Marie Davis pleaded guilty to a state jail felony -- possession of cocaine in
an amount less than one gram. She received the maximum sentence allowed by law -- two
years in state jail. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(b)
(Vernon 2003 & Supp. 2004); Tex. Pen. Code Ann. § 12.35(a) (Vernon 2003). On
appeal, she contends the trial court erred in failing to credit her with the appropriate
amount of "good conduct time" she says other "similarly situated" Jefferson County jail
inmates are afforded. Davis asks this Court to reform the judgment to add seventy-one
(71) days of good conduct time credit for time spent in county jail before sentencing.

 In state jail felony cases, the trial court has discretion to grant the defendant credit
against her sentence for any jail time she served between the date of arrest and confinement
and the date of sentencing. See Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(2)
(Vernon Supp. 2004). The Court of Criminal Appeals has limited this discretion. See Ex
parte Harris, 946 S.W.2d 79 (Tex. Crim. App. 1997). If the defendant was confined
following her arrest, unable to post bond because of indigence, and assessed the maximum
sentence for the offense, she is entitled to the credit. See Ex parte Bates, 978 S.W.2d 575,
576-77 (Tex. Crim. App. 1998). 

 The record reflects Davis was indigent and she received the maximum sentence 
allowed by law. The judgment also reflects Davis received credit (one day for one day)
for the days she was confined in jail while she was awaiting trial. However, she argues
she is also entitled to good conduct credit under Jefferson County jail policies and
practices. Also, Davis complains the judgment does not contain a trial court directive to
the sheriff to attach a report on her good conduct status while she was in his custody.

 We do not reach the substantive issues regarding good conduct time. The resolution
of Davis's issues depends upon assertions -- including those concerning county jail
policies, "similarly situated" county jail inmates, and conversations with jail officials --
based on information not in the record. This Court cannot consider factual assertions that
are outside the record. See Whitehead v. State, 130 S.W.3d 866, 872 (Tex. Crim. App.
2004)(citing Janecka v. State, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996)). Under the
record before us, Davis has not shown she is entitled to more credit. (1) The judgment is
affirmed. 

 AFFIRMED.

 PER CURIAM


Submitted on August 3, 2004

Opinion Delivered August 25, 2004

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ. 
1. We note an inmate, after complying with the requirements of section 501.0081 of
the Texas Government Code, may file an application for a writ of habeas corpus to receive
time-credits. See Steinocher v. State, 127 S.W.3d 160, 163 n.3 (Tex. App. -- Houston [1st
Dist.] 2003, pet. ref'd untimely filed); Tex. Gov't code Ann. § 501.0081 (Vernon Supp.
2004).