OPINION HEADING PER CUR 






                     NO. 12-03-00316-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

DAVID JOSEPH CLEBOSKI,                          §     APPEAL FROM THE 3RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     ANDERSON COUNTY, TEXAS





MEMORANDUM OPINION
            David Joseph Cleboski appeals his conviction by a jury of driving while intoxicated,
enhanced to a second degree felony. The trial court assessed punishment at imprisonment for ten
years. In three issues, Appellant challenges the legal and factual sufficiency of the evidence and the
trial court’s calculation of his credit for time served. We affirm.

Factual and Procedural Background
            On the evening of May 2, 2001, Kim Petters-Morel (“Morel”) met Appellant at the
Murchison Street Apartments in Palestine. This was the first face-to-face meeting between Morel
and Appellant after they had initially met over the Internet. Morel testified that Appellant had
already been drinking beer when she arrived to meet him. Later in the evening, the two drove
Morel’s Isuzu Rodeo out to Denson Springs to meet Appellant’s cousins, Donald and Justin Tillman. 
Morel testified that they continued drinking beer at the Tillmans’ house in Denson Springs and that
Appellant had drunk “not more than a six pack” in her presence. Morel then said that after they left
the Tillmans’ house, Appellant drove her vehicle back toward Palestine on Farm to Market Road 323
(“FM 323"). She stated that they went off the road and hit a tree after she leaned over from the
passenger’s seat to kiss Appellant. After the crash, Morel and Appellant caught a ride back to
Palestine with a passing motorist.
            Bryan Becton, a seventeen-year veteran with the Texas Department of Public Safety, testified
that he investigated the crash. At the scene, he found a beer can between the driver’s side and the
console of the vehicle. He also found a strand of long blonde hair on the driver’s side. Upon leaving
the scene of the accident, Becton went immediately to the hospital in Palestine where Appellant and
Morel were being treated. Morel, after initially prevaricating, told Becton that she and Appellant had
been drinking Coors Light beer at Appellant’s cousins’ house in Denson Springs. She also told him
that Appellant was driving her vehicle back to Palestine when he ran off the road and hit the tree. 
Andrea Hornback, who drove Appellant and Morel to the hospital, told Becton that Appellant had
been driving the vehicle when it was wrecked. 
            Becton testified that Appellant had a strong odor of alcoholic beverage on his person. He
also testified that Appellant’s eyes were bloodshot and very red and glassy. Yolinda Upchurch, the
nurse who assisted Appellant at the hospital, testified that she could smell alcohol on Appellant when
he entered the room and that he was uncooperative. She testified that these were signs of
intoxication. Dr. Benjamin Richard Respess, the physician who treated Appellant, testified that he
smelled alcohol on Appellant. He stated that Appellant was obviously intoxicated because of the
way he walked, the way he acted, the way he answered questions, and the way he treated hospital
staff. He said that Appellant’s mental status and orientation also showed that he was intoxicated.
            The jury was shown a videotape Becton made of Appellant after Appellant was released from
the hospital that night and taken to the Anderson County Jail. On the tape, Appellant admitted to
Becton that he had been driving the vehicle when it crashed into the tree on FM 323. He further
admitted that he had been drinking prior to the crash. Appellant was shown on the tape asking
Becton to charge him with public intoxication only (rather than driving while intoxicated). The only
witness Appellant called at trial was his cousin, Justin Tillman. Tillman testified that he did not
believe Appellant was intoxicated when he left his house in Denson Springs to return to Palestine. 
            The jury found Appellant guilty of driving while intoxicated, enhanced to a second degree
felony. The trial court sentenced Appellant to imprisonment for ten years. Appellant timely filed
this appeal. 


Sufficiency of the Evidence
            In his first issue, Appellant challenges the legal sufficiency of the evidence supporting the
jury’s finding that he was guilty of driving while intoxicated. In his second issue, he contends that
the evidence is factually insufficient to support the jury’s finding. Specifically, Appellant contends
that the evidence presented at trial regarding his intoxication related to a time “an hour or two” after
the time he operated the vehicle and is therefore insufficient to establish that he was intoxicated at
the time of the crash.
Standard of Review
            In reviewing a challenge to the legal sufficiency of the evidence, we review the evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443
U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Young v. State, 14 S.W.3d 748,
753 (Tex. Crim. App. 2000). In reviewing the evidence for legal sufficiency, an appellate court does
not reweigh the evidence or substitute its judgment for that of the jury. King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000). The jury is the exclusive judge of 1) the facts, 2) the credibility
of the witnesses, and 3) the weight to be given to the testimony of each witness. Penagraph v. State,
623 S.W.2d 341, 343 (Tex. Crim. App. 1981). As factfinder, a jury may reject any or all part of a
witness’s testimony. Id. 
            In conducting a factual sufficiency review, an appellate court must review all of the evidence,
but not in the light most favorable to the prosecution. Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.
Crim. App. 2000). We must determine whether a neutral review of all of the evidence, both for and
against the challenged finding, demonstrates that a rational jury could have found guilt beyond a
reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is
factually insufficient when evidence supporting the verdict, considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt. Id. Evidence is also factually insufficient
when contrary evidence is so strong that the beyond-a-reasonable-doubt burden of proof could not
have been met. Id. at 484-85. Our evaluation should not intrude upon the factfinder’s role as the
sole judge of the weight and credibility given to any witness’s testimony. Cain v. State, 958 S.W.2d
404, 408 (Tex. Crim. App. 1997). 
Applicable Law
            Intoxication means “not having the normal use of mental or physical faculties by reason of
the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two
or more of these substances, or any other substance into the body.” Tex. Pen. Code Ann.
§ 49.01(2)(A) (Vernon 2003). A person commits the offense of driving while intoxicated if he is
intoxicated while operating a motor vehicle in a public place. Id. § 49.04(a).
Analysis
            Morel testified that at the time Appellant crashed her vehicle, he had drunk “not more than
a six pack” of beer in her presence. Upchurch, the nurse at the hospital, testified that Appellant was
intoxicated when she administered aid to him. Dr. Respess also testified that Appellant was
intoxicated when he examined him. Most importantly, Appellant himself admitted on tape to Becton
that he had been drinking and driving at the time of the crash. Based upon this evidence, we hold
that a rational trier of fact could have found beyond a reasonable doubt that Appellant was
intoxicated when he operated Morel’s vehicle in a public place. Appellant’s issue one is overruled.
            In addition to the evidence summarized above, the record contains Tillman’s testimony that
Appellant was not intoxicated when he left Denson Springs to drive back to Palestine. Although this
evidence is favorable to Appellant, the jury accepted the other overwhelming evidence of
Appellant’s intoxication and found against him. 
            We have conducted a neutral review of all of the evidence, both for and against the finding,
giving proper deference to the jury’s role as the sole judge of the weight and credibility of witness
testimony. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). The record does
not reveal that the proof of Appellant’s guilt is too weak to support the jury’s finding beyond a
reasonable doubt. Nor does the record reveal contrary evidence so strong that guilt could not have
been proven beyond a reasonable doubt. Thus, we hold the evidence is factually sufficient to support
the jury’s finding. Appellant’s issue two is overruled.

Credit for Time Served
            In his third issue, Appellant contends that the judgment should be reformed to give him
additional credit for time served. An appellant shall be given credit on his sentence for time he spent
in jail from the time of his arrest until he is sentenced, excluding confinement served as a condition
of community supervision. Tex. Code Crim. Proc. art. 42.03, § 2(a) (Vernon Supp. 2004-2005). 
Here, the judgment reflects that Appellant received credit from July 14, 2003 to the date of
judgment, August 22, 2003. In his brief, Appellant contends that he was incarcerated beginning
March 20, 2003. The record shows that Appellant was incarcerated in Henderson County, Texas for
a September 30, 2001 DWI charge there. The record also shows that Appellant was not brought to
Anderson County until July 14, 2003, which was the date his trial began.
            An individual receives credit for time served on a charge for which a detainer is lodged. See
Ex parte Bynum, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989) (op. on reh’g). When a person is
confined in jail by one county, he is not considered confined for a separate charge in a different
county unless a detainer or “hold” has been lodged against him by the second county. See id. 
Appellant had the burden of proof of establishing a detainer or “hold” had been lodged against him
by Anderson County while he was confined in Henderson County. See Steinocher v. State, 127
S.W.3d 160, 163 (Tex. App.–Houston [1st Dist.] 2003, pet. dism’d, untimely filed). Appellant has
not offered any proof that would entitle him to any credit for time served prior to July 14, 2003. 
Therefore, the trial court, in its judgment, gave him credit for time served from July 14, 2003. In the
absence of proof supporting Appellant’s entitlement to additional credit, the trial court did not err. 
Accordingly, Appellant’s issue three is overruled.

Conclusion
            Having overruled Appellant’s three issues, the judgment of the trial court is affirmed.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered April 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.



(DO NOT PUBLISH)