

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00127-CR

---

CALVIN GARDNER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 22F0820-202

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

A Bowie County jury found Calvin Gardner guilty of engaging in organized criminal activity with an underlying offense of murder and assessed his punishment at life imprisonment. *See* TEX. PENAL CODE ANN. § 71.02 (Supp.). On appeal, Gardner raises three issues: (1) the trial court abused its discretion in admitting evidence of extraneous offenses without conducting a hearing under Rule 403 of the Texas Rules of Evidence, (2) Gardner's trial counsel provided ineffective assistance of counsel by failing to request a more thorough ruling on the admission of the extraneous offenses, and (3) the judgment incorrectly reflects the appropriate statute for the offense under which Gardner was convicted and lists incorrect dates for time credited. Upon review, we find that Gardner's trial counsel in fact objected to the admission of certain extraneous-offense evidence under Rule 403, and the trial court conducted a Rule 403 balancing test. We find, though, that the judgment should be modified to reflect the correct statute for offense and total time credit. As modified, we affirm the trial court's judgment.

## I. The Trial Court Conducted a Rule 403 Balancing Test

In his first issue, Gardner argues that the trial court abused its discretion by admitting evidence of other shootings and murders without conducting a hearing.

### A. Standard of Review

"[A] trial judge's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard." *Irsan v. State*, 708 S.W.3d 584, 616 (Tex. Crim. App. 2025) (alteration in original) (quoting *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009)). "So, too, is a ruling on the balance between probative value and the counter factors set

out in Rule 403, although that balance is always slanted toward admission, not exclusion, of otherwise relevant evidence." *Id.* (quoting *De La Paz,* 279 S.W.3d at 343). "[W]e presume that probative value outweighs prejudicial value 'unless in the posture of the particular case the trial court determines otherwise.'" *Id.* (quoting *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (op. on reh'g)). "Accordingly, as long as the judge's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the ruling will be upheld." *Id.* (citing *De La Paz*, 279 S.W.3d at 343–44). "Further, if the trial judge's ruling is correct on any applicable legal theory, the ruling will stand." *Id.* (citing *De La Paz*, 279 S.W.3d at 344).

### B.     Gardner Preserved Error on This Issue

Initially, we address the State's contention that Gardner did not preserve this issue for appeal because he raised it in an oral motion in limine and did not object when the extraneous-offense evidence was later offered during trial. Gardner urges that his objection to the extraneous-offense evidence made prior to trial outside the presence of the jury preserved this issue for appeal.

"To preserve error for appellate review, a party must make a timely and specific objection or motion at trial, and there must be an adverse ruling by the trial court." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (citing TEX. R. APP. P. 33.1(a)). "Failure to preserve error at trial forfeits the later assertion of that error on appeal. In fact, almost all error—even constitutional error—may be forfeited if the appellant failed to object." *Id.* (footnote omitted) (citation omitted) (citing TEX. R. APP. P. 33.1(a)). "[T]he failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence." *Id.*

3

"When the court hears a party's objections outside the presence of the jury and rules that evidence is admissible, a party need not renew an objection to preserve a claim of error for appeal." Tex. R. Evid. 103(b). "A motion *in limine*, however, is a preliminary matter and normally preserves nothing for appellate review." *Fuller*, 253 S.W.3d at 232. Generally, "[f]or error to be preserved with regard to the subject of a motion *in limine*, an objection must be made at the time the subject is raised during trial." *Id.*

The record reflects that the State filed a lengthy notice of intent to use extraneous offenses approximately six weeks before trial. Five days later, Gardner filed a motion in limine seeking to exclude evidence of prior convictions and extraneous offenses. A month before trial, the State filed a supplemental notice of intent to use extraneous offenses. There is no indication in the record that the trial court held any hearing on the motion in limine prior to trial.

On the day prior to trial, after voir dire had been conducted, the trial court asked whether any other matters needed to be taken up prior to trial, and the State indicated Gardner had made it aware that he wanted a hearing outside the presence of the jury regarding extraneous-offense evidence. The next morning, prior to opening statements, Gardner informed the trial court,

> Your honor, we had previously filed a motion in limine and also a motion requesting any extraneous offenses that the State intended to introduce at trial under 803 and 404(b). At this time, I believe the State has obviously made its intention to introduce [extraneous-offense] evidence . . . to show that my client was part of a criminal street gang.

Gardner objected that the evidence was more prejudicial than probative and that much of it could not be linked to him. The State responded, citing two cases admitting extraneous-offense evidence for the purpose of showing that members of a combination worked together in a

4

continuing course of criminal activity because it was necessary to meet its burden of proof on organized criminal activity.[1]

After hearing arguments, the trial court stated, "The Bowie County Grand Jury did indict him under 71.02 [organized criminal activity]. . . . It cannot be a single criminal act, and so I'm going to deny your motion. You can object at any time that you feel relevant as the proceedings go on." Gardner responded, "Your Honor, I believe, just after reading the case law, I believe that after having this hearing outside the presence of the jury, . . . that takes care of any objections that need to be made throughout the rest of the trial, is my understanding, your Honor." The trial court responded, "All right. Very good. Anything else from either the State or the defense before I bring in my jury[?]"

The context of the exchange that occurred prior to trial indicates that the parties and the trial court understood the matter before the trial court to be the admissibility of the extraneous-offense evidence and not a ruling on Gardner's previously filed motion in limine regarding extraneous offenses. As a result, we will liberally read the record as indicating that Gardner preserved a complaint on the admission of the extraneous-offense evidence without the necessity of renewing an objection to the extraneous-offense evidence during trial. *See* TEX. R. EVID. 103(b).

---

[1] The State cited *Jones v. State*, No. 05-20-00304-CR, 2022 WL 4376713 (Tex. App.—Dallas Sept. 22, 2022, pet. ref'd) (mem. op., not designated for publication), and *Lashley v. State*, 401 S.W.3d 738 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

5

## C.    Analysis

Now, we turn to Gardner's position that the trial court abused its discretion by admitting extraneous-offense evidence without conducting a Rule 403 balancing test.

"The [trial] court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." TEX. R. EVID. 403. When a party objects, the trial court is required to conduct a Rule 403 balancing test to determine whether the evidence should be excluded. *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997); *Douglas v. State*, 489 S.W.3d 613, 627 (Tex. App.—Texarkana 2016, no pet.).

Gardner claims that, after hearing argument from the State supporting admission of the extraneous-offense evidence, the trial court admitted the extraneous offenses without conducting a Rule 403 balancing test. However, the trial court is not required to conduct a formal Rule 403 hearing or announce that it is conducting the balancing test, and it "is not required to place the results of its balancing test on the record." *Colvin v. State*, 54 S.W.3d 82, 85 (Tex. App.—Texarkana 2001, no pet.) (citing *Williams*, 958 S.W.2d at 195). "Rather, the trial court is presumed to engage in the required balancing test once a party objects on the ground of Rule 403 and the trial court rules on the objection, unless the record indicates otherwise." *Id.*; *see Williams*, 958 S.W.2d at 195–96; *Maldonado v. State*, 452 S.W.3d 898, 906 (Tex. App.—Texarkana 2014, no pet.). For that reason, where, as here, "nothing in the record shows the trial judge did not perform the balancing test, we have found no error when the judge simply listened to the defendant's objections, then overruled them." *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).

6

The record here supports the presumption that the trial court conducted a balancing test. As detailed above, the trial court entertained arguments from Gardner on the prejudicial effect of the extraneous-offense evidence and from the State on the evidence's probative effect on the organized criminal offense charge. The trial court's response indicated it believed the evidence was probative under the organized criminal offense charge. By indicating that the extraneous-offense evidence would be admitted, the trial court presumably conducted the Rule 403 balancing test.

We overrule Gardner's first issue.[2]

## II.     Gardner's Trial Counsel Was Not Ineffective

In his second issue, Gardner complains that his trial counsel provided ineffective assistance of counsel (IAC) "by failing to request a more thorough ruling" on the extraneous-offense evidence. Specifically, Gardner claims that "trial counsel . . . failed to object to the evidence utilizing Rule 403, which would have required the trial court judge to balance whether the probative nature of the evidence outweighed the prejudice of the evidence."[3]

---

[2]To the extent that Gardner's brief can be liberally read to complain that the trial court abused its discretion in admitting evidence of gang-related activity as extraneous-offense evidence, Gardner has waived any error associated with that admission because he failed to provide in the argument section of his brief any citations to the record indicating at what point during trial the allegedly improper evidence was admitted. *See* TEX. R. APP. P. 38.1(i). Moreover, in a case arising out of the same factual scenario as this one, we have recently held that the trial court did not abuse its discretion when it admitted extraneous-offense evidence of gang-related activity offered for a purpose other than character conformity, as the extraneous-offense evidence was offered to prove the combination and collaboration elements of the offense of engaging in organized criminal activity under Section 71.02 of the Texas Penal Code. *See Alexander v. State*, No. 06-24-00096-CR, 2025 WL 974094, at *4–5 (Tex. App.—Texarkana Apr. 1, 2025, pet. ref'd) (mem. op., not designated for publication).

[3]On this issue, the State again urges that Gardner failed to preserve error for appeal. Particularly, the State claims that, because Gardner did not allege ineffective assistance of counsel in his motion for new trial, this issue was not preserved for appellate review. But a claim of ineffective assistance of counsel "may be brought for the first time on appeal." *Cannon v. State*, 252 S.W.3d 342, 347 n.6 (Tex. Crim. App. 2008); *Weeks v. State*, No. 06-12-00110-CR, 2013 WL 557015, at *2 (Tex. App.—Texarkana Feb. 14, 2013, no pet.) (mem. op., not designated for publication).

"IAC claims have two elements: deficient performance and prejudice." *State v. Hradek*, 707 S.W.3d 384, 391 (Tex. Crim. App. 2024) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Here, the *Strickland* claim of lack of objection fails for the reason that there was an objection. Gardner's trial counsel did, in fact, object to the admission of the extraneous-offense evidence based on Rule 403. During the conference on the admissibility of the extraneous-offense evidence, related in part above, Gardner's trial counsel stated, "[W]e're objecting to that under 404(3) and 804, that this is . . . more prejudicial than it is probative, and any probative value that it has to show that he is a member of a street gang is essentially outweighed by the danger of unfair prejudice."[4]

Gardner's trial counsel may have misspoken when he stated he objected under 404(3), as there is no such subsection of Rule 404, but the latter part of his objection was clearly a Rule 403 prejudicial-versus-probative complaint. *See* TEX. R. EVID. 403, 404. And, as stated above, even though the trial court is not required to put the results of its Rule 403 balancing test on the record, *Colvin*, 54 S.W.3d at 85, the trial court's comment made contemporaneously with its indication that the extraneous-offense evidence would be admitted supports the presumption that it conducted the Rule 403 balancing test.

We overrule Gardner's second issue.

---

[4]Gardner provides no other citations to the record as points in the trial at which trial counsel should have objected other than a reference to the pretrial conference discussed here. *See* TEX. R. APP. P. 38.1(i).

8

### III.  We Will Modify the Judgment

In his third issue, Gardner claims his judgment of conviction should be reformed in two respects:  (1) Section 71.02(b) of the Texas Penal Code was listed as the statute for offense, but that subsection relates only to punishment; and (2) the dates given for the "TOTAL TIME CREDIT" are incorrect.

Gardner was indicted under Section 71.02 of the Texas Penal Code, entitled Engaging in Organized Criminal Activity.  While the judgment reflects the offense for which Gardner was convicted to be engaging in organized criminal activity, the statute for the offense is listed as "71.02(b) PENAL CODE."  Section 71.02(b) details the degree of offenses rather than an offense itself.  *See* TEX. PENAL CODE ANN. § 71.02(b).  A review of the jury charge indicates the jury did not convict Gardner under Section 71.02(b); rather, the jury convicted Gardner under Section 71.02(a), which states the offense, and sentenced him under Section 71.02(b), which states the punishment.  *See* TEX. PENAL CODE ANN. § 71.02(a), (b).

With respect to the total time credit, the judgment indicates the total time credit timespan to be from "6/5/2022–6/7/2022.  TOTAL:  734 DAYS."[5]  Gardner asserts that the correct total time credit timespan should be reflected as "6/5/2022–6/7/2024," which is a period of 734 days. The State does not contest Gardner's assertion.

Courts of appeal, including our court, have stated, "When a defendant has been denied credit for jail time to which he is entitled, the preferred practice is for the trial court to enter a nunc pro tunc order authorizing credit for the appropriate time."  *In re Bledsoe*, No. 06-11-

---

[5]The judgment was entered on June 7, 2024.

00066-CR, 2011 WL 1330767, at *1 (Tex. App.—Texarkana 2011, orig. proceeding) (mem. op., not designated for publication) (citing *Ex parte Forooghi*, 185 S.W.3d 498, 499 (Tex. Crim. App. 2006) (orig. proceeding) (Johnson, J., concurring statement); *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004) (per curiam) (orig. proceeding); *Ex parte Evans*, 964 S.W.2d 643, 645 n.2 (Tex. Crim. App. 1998) (orig. proceeding)); *see also Steinocher v. State*, 127 S.W.3d 160, 163 n.3 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd, untimely filed) (stating the preferred practice is a trial court nunc pro tunc order, or, alternatively, a writ of habeas corpus). The State contends the preferred method of correcting credit for jail time to which a defendant is entitled is through issuance of a nunc pro tunc order in the trial court authorizing the appropriate credit.

This Court may "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b); *see Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) ("This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record."); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Anthony*, 531 S.W.3d at 743 (quoting *Asberry*, 813 S.W.2d at 529–30).

"Our authority to modify a trial court's judgment is not restricted to the correction of clerical errors." *Van Flowers v. State*, 629 S.W.3d 707, 712 (Tex. App.—Houston [1st Dist.]

2021, no pet.) (citing *Bigley*, 865 S.W.2d at 27). Here, though, we consider both errors presented by Gardner to be of the clerical-error sort—the type that are "indisputably reflected" by the record and "readily correctable by reference to information in the record." *See id.*

## IV. Conclusion

We modify the judgment by changing the statute for offense from Section 71.02(b) to Section 71.02(a) of the Texas Penal Code and by changing the total time credit timespan from 6/5/2022–6/7/2022 to 6/5/2022–6/7/2024. As modified, we affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     May 7, 2025
Date Decided:       July 24, 2025

Do Not Publish

11