Rolando **JARAMILLO**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–90–144–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 23, 1991.

---

Hayes, Coffey & Berry, P.C., and Henry
C. Paine, Jr., Denton, for appellant.

Bruce Isaacks, Crim. Dist. Atty., and Jim
E. Crouch, Asst. Crim. Dist. Atty., Denton,
for State.

Before JOE SPURLOCK, II, HILL and
LATTIMORE, JJ.

## OPINION

HILL, Justice.

Rolando Jaramillo appeals his conviction by a jury for the offense of aggravated sexual assault of his step-daughter, C.K., a child under fourteen years of age. Jaramillo pled not guilty to the charge, but true to an enhancement allegation. The jury found the enhancement allegation to be true and sentenced Jaramillo to life in the Texas Department of Criminal Justice, Institutional Division. In three points of error, Jaramillo urges that the court erred by: (1) allowing the State to introduce during its case-in-chief C.K.'s testimony concerning prior, extraneous sexual contacts between her and Jaramillo; (2) preventing Officer Dennis Baker from expressing his opinion on cross-examination as to whether a discontinuance of counseling after several months would be indicative of whether a sexual assault actually occurred; and (3) failing to grant a motion for a new trial because the defense was not provided with a victim impact statement.

We affirm because: (1) although the trial court erred in admitting evidence of other assaults by Jaramillo on the complaining witness prematurely, because her testimony had not yet been questioned, in view of the fact that the evidence subsequently became admissible we hold beyond a reasonable doubt that the error did not contribute to Jaramillo's conviction or the punishment assessed; (2) we hold that the court did not abuse its discretion in preventing Officer Baker from giving his opinion regarding the relationship between the length of counseling and the likelihood that the assault for which the patient is being counseled actually occurred; and (3) we hold that the victim impact statement contained no exculpatory evidence, and failure to pro-

vide Jaramillo with the statement did not warrant a new trial.

The indictment alleged that Jaramillo sexually assaulted C.K. on or about November 25, 1987 by having intercourse with her. The State called C.K. as its first witness. She testified that the assault occurred in a house the family had recently moved into while her mother was at a meeting. At the time C.K. was about nine years old. Although C.K. testified that she was assaulted only once in the new house, she testified on direct and cross that Jaramillo assaulted her numerous times at the family's prior residence while her mother was in a deep sleep induced by medication for migraine headaches. Other than C.K.'s testimony, there was no direct evidence that she was sexually assaulted by Jaramillo, and Jaramillo denied that he assaulted her.

In point of error number one, Jaramillo argues that testimony of prior sexual assaults should not have been admitted because the prejudice of such testimony outweighed its probative value and because the testimony was inadmissible propensity evidence. TEX.R.CRIM.EVID. 403, 404. Jaramillo also relies on *Boutwell v. State*, 719 S.W.2d 164 (Tex.Crim.App.1985) (opinion on reh'g), and *Pacheco v. State*, 764 S.W.2d 388 (Tex.App.—Amarillo 1989, no pet.) to show that the evidence of extraneous sexual assaults was improperly admitted.

We must determine whether the trial court abused its discretion in determining that the evidence was relevant and in determining that its probative value was not substantially outweighed by the danger of unfair prejudice. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex.Crim.App.1990).

■ We first consider Jaramillo's contention that the evidence was not relevant. In *Montgomery*, the court said:

> Where the accused in a case such as this calls the child's credibility into question, evidence of other identical or similar acts of sexual misconduct perpetrated by a parent against his own child may well serve to shore up testimony of the child if in logic it shows a lascivious attitude

(relevant to culpable intent) and a willingness to act on it (relevant to prohibited conduct) that a jury might otherwise be loathe to attribute to a parent toward his child. Where under the circumstances of the particular case the evidence logically serves such a purpose, it may have relevance under rule 404(b), supra, apart from character conformity.

*Id.* at 394. We hold that at the time of the child's testimony as to other sexual contacts with Jaramillo her credibility had not been questioned. The nature of the offense was such that Jaramillo's lascivious intent was shown by the commission of the act itself. Consequently, at that time, the evidence of the extraneous acts was not relevant.

A prerequisite for the admission of evidence to shore up a child complainant's testimony is that the defendant must first deny the act or undermine or impeach the complainant in some way before extraneous acts are admissible. *Id.* at 397. As we have noted, at the time the evidence was offered, Jaramillo had not denied the act nor had the complainant been impeached in any way. Consequently, the trial court abused its discretion in finding that the probativeness of the evidence was not substantially outweighed by the danger of unfair prejudice. *Id.*

Having concluded that the trial court erred by admitting the evidence at the time that it was admitted, we next consider whether the error in the trial court's admitting the extraneous acts in evidence contributed to Jaramillo's conviction or the determination of his punishment. TEX. R.APP.P. 81(b)(2).

■ After the evidence in question was admitted, the complainant's credibility was questioned on cross-examination by showing that she had previously testified that she had shouted out for her mother when assaulted by Jaramillo, but at trial was saying that she was only speaking in a normal talking voice. The complainant had not complained at or near the time of the offense, waiting until her mother and Jaramillo were divorced. It was also pointed

out that the complainant had accused her first stepfather of assaulting her, also waiting until after he and her mother had separated to make the accusation. A young friend of the complainant testified that the complainant had told her of the attacks. Jaramillo testified, denying the truth of the complainant's allegations.

Although the State did not need the testimony of extraneous offenses to show Jaramillo's lascivious intent, once the complainant's credibility was questioned the State did need the evidence for the purpose of revealing the familial relationship that provided the context of the charged offense. Consequently, it would subsequently have been within the discretion of the trial court to determine that the evidence was relevant, that its probative value was not substantially outweighed by the danger of unfair prejudice, and to admit the testimony. We find beyond a reasonable doubt that the trial court's error in admitting the evidence prematurely did not contribute to Jaramillo's conviction, nor did it affect the punishment assessed. *See Koffel v. State*, 710 S.W.2d 796, 802 (Tex.App.—Fort Worth 1986, pet. ref'd). We overrule point of error number one.

In point of error number two, Jaramillo urges that the court erred in not allowing Officer Baker to respond to Jaramillo's question on cross-examination as to whether C.K.'s discontinuance of counseling after several months would be indicative of whether the sexual assaults alleged by her actually occurred. The court sustained the State's objection that the question called for speculation. We hold that the court did not abuse its discretion, and Jaramillo supplies us with no authority showing that the court's ruling was an abuse of discretion. Furthermore, we cannot determine whether there was an error because Jaramillo perfected his bill of exception after Officer Baker was excused. Jaramillo's bill contains the question that was disallowed by the court, but it does not contain what Officer Baker's response would have been. TEX.R.APP.P. 52(b); *see Easterling v. State*, 710 S.W.2d 569, 575 (Tex.Crim.App.), *cert. denied*, 479 U.S.

848, 107 S.Ct. 170, 93 L.Ed.2d 108 (1986). We overrule point of error number two.

In point of error number three, Jaramillo urges that the court erred in denying his motion for a new trial in which Jaramillo complained that the State failed to supply Jaramillo with a copy of C.K.'s victim impact statement. We note that the victim impact statement was filled out and signed by C.K.'s mother. We further note that on appeal Jaramillo argues that the State's failure to provide him with the statement hampered his cross-examination of both C.K. and C.K.'s mother; however, in his motion for a new trial, Jaramillo complained only that his cross-examination of C.K. was hampered. During his cross-examination of C.K., Jaramillo did request that the State produce any *Gaskin* material it had, and the State responded that all such material had already been provided.

We note that victim impact statements are discoverable only if they contain exculpatory material. TEX.CODE CRIM. PROC.ANN. art. 56.03(g) (Vernon Supp. 1991). We hold that the court did not err in denying Jaramillo's motion for a new trial because the court examined the statement and found that it contained no exculpatory material. We further hold that Jaramillo has not properly preserved the issue of whether the victim impact statement should have been presented during his cross-examination of C.K.'s mother because he raises the issue for the first time on appeal. TEX.R.APP.P. 52(a). Finally, we also note that the statement has not been brought before us for our review. We overrule point of error number three.

The judgment is affirmed.