**Hipolito FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–91–00343–CR.**

Court of Appeals of Texas, El Paso.

Oct. 28, 1992.

---

David Greenhaw, Odessa, for appellant.

Ricky B. Smith, Dist. Atty., Lamesa, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

OSBORN, Chief Justice.

A jury convicted Hipolito Flores, Appellant, of indecency with a child and subsequently assessed punishment, as enhanced, at life imprisonment. Appellant assigns two points of error challenging the admission of other bad acts. We affirm.

### Factual Background

Appellant was indicted and tried for intentionally and knowingly, with the intent to arouse and gratify his sexual desire, engaging in sexual contact by touching the genitals of a child younger than seventeen years of age. The complaining witness, a ten-year-old child, was the State's first witness. On direct examination, the witness testified Appellant, who was the witness's mother's boyfriend, placed his hand inside her pants and rubbed her "private part," unsuccessfully attempted to insert his finger in her vagina and forced her to masturbate him. This occurred while the child-victim's mother was asleep in the same room, and Appellant terminated the episode when the mother awoke. Subsequently, the victim briefly described two other events at which Appellant similarly touched

her genitals when either they were alone at her home together or when the mother was in a different room. Each of the three events transpired in a short period of time without comment by the actor. She also confirmed Appellant repeated the act on numerous occasions at her house.

### Analysis

 In his first point of error, Appellant challenges the admission of the challenged evidence in that it allegedly violated Texas Rules of Criminal Evidence 404(b).[1] "In the face of a proper objection, evidence of other wrongful acts is not admissible to prove the character of the person to establish that he acted accordingly regarding the alleged offense." *Lazcano v. State*, 836 S.W.2d 654, 657 (Tex.App.—El Paso 1992, pet. filed), *citing Montgomery v. State*, 810 S.W.2d 372, 386 (Tex.Crim.App.1990, on own motion for rehearing). If, however, the trial court is convinced by the proponent of the extraneous act evidence that it possesses relevance apart from the tendency to prove conforming character, the evidence is admissible pursuant to Rule 404(b). *Id.* 836 S.W.2d at 657. Upon such a showing, the evidence is presumed admissible under Rule 403 and is subject to exclusion only if, after a timely objection by the opponent, the trial court determines the danger of unfair prejudice substantially outweighs its probative value.

 Prior to the reception of any evidence, a hearing was held outside the presence of the jury in which Appellant submitted an oral motion in limine. Appellant sought to have the trial judge instruct the State that the witnesses not refer to any extraneous offenses prior to a hearing outside the presence of the jury to determine the admissibility of the evidence. Upon review of a copy of the complaining witness's statement, the judge asked Appellant's counsel whether the evidence contained therein was relevant. Appellant's counsel responded, "No doubt about it that it is relevant, Your Honor, under the rules, but it is prejudicial." After the hearing was completed, the State made its opening statement and began to present its case-in-chief. As the first witness, the complainant testified as delineated above. Appellant did not raise any objection at the time the evidence was introduced; thus, no error is preserved as to relevance. Moreover, Appellant's counsel's concession that the evidence was "relevant" amounts to an explicit waiver as to the potential, if any, for the evidence to prove only conforming character.[2] Consequently, we overrule Point of Error No. One.

 Point of Error No. Two asserts the trial court erred in admitting the extraneous offense evidence in that its probative value was allegedly substantially outweighed by its prejudicial effect. After Appellant, during the trial court's hearing on his motion in limine, conceded relevance and waived any Rule 404(b) error, Appellant recorded an "objection" under Rule 403 which was overruled. While an accused need not object to evidence which was subject to a pretrial motion to suppress which was denied,[3] neither the granting nor denial of a motion in limine preserves error for appellate review. *Webb v. State*, 760 S.W.2d 263, 275 (Tex.Crim.App. 1988), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1989); *Hernandez v. State*, 825 S.W.2d 765, 770 (Tex.App.—El Paso 1992, no pet.). The record does not contain a motion to suppress. From the face of the record, the trial judge's subsequent ruling to Appellant's "objection" appears to be no more than a denial of Appellant's motion in limine.

 However, the nature of the hearing, as it evolved, became comparable to a trial court's review of a suppression motion. As a result, we conclude the practical effect of

---

1. Hereinafter, the Texas Rules of Criminal Evidence will be referred to as the Rule.

2. As a result, we need not discuss the cases relied upon by Appellant during oral argument in regard to the legal relevance of other bad acts pursuant to Rule 404(b). *See Owens v. State*, 827 S.W.2d 911 (Tex.Crim.App.1992); *Brewington v. State*, 802 S.W.2d 691 (Tex.Crim.App. 1991).

3. *See Wyle v. State*, 777 S.W.2d 709, 715 n. 5 (Tex.Crim.App.1989).

the "objection" sufficed to preserve the alleged error as a denial of a motion to suppress.[4] *See Wyle*, 777 S.W.2d at 715 n. 5. Had our conclusion been to the contrary, we would be compelled to conclude Appellant failed to preserve any error due to his failure to object to the testimony at the earliest opportunity when the evidence was proffered. *Johnson v. State*, 803 S.W.2d 272, 291 (Tex.Crim.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991), *overruled on other grounds, Heitman v. State*, 815 S.W.2d 681, 682, 690 (Tex.Crim.App.1991).[5] Since we conclude Appellant preserved error on the Rule 403 balancing of probative value versus prejudicial effect, we will address the merits of the point.

■ Neither party shoulders the burden to convince the trial court regarding the proper balance of the negative prejudicial attributes of the extraneous act evidence versus the probative value. Instead, it is the duty of the trial court to inquire of the opponent what prejudice exists and of the proponent for what purpose the evidence is to be used. *Montgomery*, 810 S.W.2d at 389. If the opponent timely objects on Rule 403 grounds, the trial judge must engage the necessary balancing test and has no discretion to fail to do so. *Id.* On appeal, we are instructed to afford deference to the trial court's judgment based upon the "relevant criteria" by which a Rule 403 decision is to be made.[6] However, an appellate court is precluded from affording such deference if the record fails to, at a minimum, illustrate a stream of consciousness by the trial judge from which the decision was made. A decision to overrule a Rule 403 objection necessarily appears arbitrary and capricious if a record of considerations utilized by the trial judge is not preserved.

In the instant case, no discussion of the relevant criteria was had prior to Appellant's objection being overruled. As a result, the face of the record indicates one of two things, either: (1) no balancing test was performed at all; or (2) the decision to overrule the objection was arbitrary and capricious. Therefore, we conclude the trial judge erred in failing to properly exercise his discretion. *See Montgomery*, 810 S.W.2d at 392. We next consider whether the error contributed to the conviction pursuant to Tex.R.App.P. 81(b)(2). *See Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim. App.1989).[7]

■ Since the source of the error was the court's failure to conduct the required balancing test, the conduct of the prosecutor is not called into question. Although we conclude the presentation of the extraneous offense evidence was premature in that the credibility of the complaining witness had not been attacked, the victim's mother testified for the defense that she believed her daughter made up the story and implied she believed Appellant when he denied the allegations. As a result, the mother testified her daughter never again mentioned anything about any additional incidents and, thus, she had no reason to

---

4. We take a brief respite to note the need for practitioners to take the time to properly preserve the record of pretrial hearings by specifying the nature of objections and arguments made to the trial court.

5. If the trial court has not denied a motion to suppress and the accused does not timely object each time objectionable evidence is proffered, any alleged error is preserved only if counsel has obtained a "running" objection as to testimony by a particular witness or if, during the course of the trial, a valid objection is lodged to all testimony on a given subject outside jury's presence. *See Ethington v. State*, 819 S.W.2d 854, 858–59 n. 5 (Tex.Crim.App.1991). While Appellant asserted at oral argument he obtained a running objection, we are unable to find any such objection in the record.

6. Relevant criteria includes such factors as: the degree to which the ultimate issue is contested; what other evidence existed to prove the ultimate issue; lack of probative value of the extraneous act evidence; and the potential for the jury to fail to heed an instruction to limit their consideration of the evidence. *See Montgomery*, 810 S.W.2d at 392–93.

7. The necessary inquiry focuses upon the integrity of the juror's evaluation of the facts considering: (1) the source, nature and degree of the error; (2) its collateral implications; (3) how much weight a juror would assign to the evidence; and (4) whether declaring the error harmless would foster repetition of the error by the State with impunity.

believe Appellant continued to be a threat to the child's well-being. This eventual attack upon the victim's credibility lessened both the nature and the degree of the error especially considering that the source of the attack was the child's mother. Also, the testimony by the victim as to the two extraneous acts was both brief and very nondescript. Consequently, the trial court could have subsequently exercised its discretion and determined the probative value of the evidence was not substantially outweighed by its prejudicial effect and it could have properly admitted the evidence.[8] *See Jaramillo v. State*, 817 S.W.2d 842, 844–45 (Tex.App.—Fort Worth 1991, pet. ref'd).

Moreover, the closing argument of neither the State nor the Appellant was made a part of the appellate record; therefore, we are unable to determine the extent to which the State relied upon the other bad acts evidence itself or any collateral implications. *Compare Lazcano*, 836 S.W.2d at 662 (wherein the State's use of another bad act as the "clincher" was harmful). Consequently, we conclude the jury's attention was not likely diverted from the evidence of the charged offense which was described in much greater detail. *See Murray v. State*, 840 S.W.2d 675, 679 (Tex.App.—Tyler 1992, no pet. h.). For these reasons, we conclude, beyond a reasonable doubt, the error in admission of the extraneous offense evidence in the absence of a balancing test did not contribute to Appellant's conviction, nor did it contribute to Appellant's punishment.[9] Thus, Appellant's second point of error is overruled.

Having overruled both of Appellant's points of error, the judgment of the trial court is affirmed.

---

8. We note that under the appropriate circumstances, evidence of distinctively similar sex acts committed by the same actor against the same minor victim is, as a general proposition, highly relevant to illustrate the actor's unnatural attention toward the complainant. *See Boutwell v. State*, 719 S.W.2d 164, 178–79 (Tex.Crim.App. 1986) (on motion for rehearing).

9. *See generally, Jaramillo*, 817 S.W.2d at 845 (accused's life sentence not affected by premature admission of extraneous offense evidence).