Robert Wayne COLVIN a/k/a William Robert Colvin, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 06–00–00104–CR.

Court of Appeals of Texas, Texarkana.

Submitted April 9, 2001.

Decided July 11, 2001.

Kirk T. Garner, Alexander & Boswell, LLP, Winnsboro, for appellant.

Marcus D. Taylor, Wood County District Attorney, Henry Whitley, Special Assistant District Attorney, Quitman, for State.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Robert Wayne Colvin appeals his conviction for indecency with a child, enhanced by three prior felony convictions. A jury found Colvin guilty, and after a hearing on punishment, the trial court found the enhancement allegations true and sentenced Colvin to twenty-five years' confinement.

Colvin contends evidence of extraneous acts should not have been admitted at his trial. He also contends the trial court erred in failing to conduct the balancing test required by TEX.R. EVID. 403 when it admitted those extraneous acts into evidence. Finally, he contends the trial court applied an incorrect punishment range for this offense.

Colvin was alleged to have touched the breast of the victim, a child younger than seventeen years old, with the intent to arouse and gratify his own sexual desire. *See* TEX. PEN.CODE ANN. § 21.11(a)(1) (Vernon Supp.2001). At trial, the State introduced evidence that Colvin also kissed the victim, touched her high up on her leg near her private area, made marks on her lower abdomen with his mouth, inserted his finger into her vagina, and made a remark about "next time" needing a box of condoms. All of these acts, including the offense with which Colvin was charged, allegedly occurred in a single week while Colvin was staying with the victim's family.

Colvin objected to this evidence under TEX.R. EVID. 401, 402, 403, and 404(b). The State responded that the evidence was admissible under TEX.CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp.2001) and argued specifically that Article 38.37 "does away with the balancing test required by Rule 403. . . ." In making its ruling, the trial court stated:

> [T]he Court believes that Section 38.37 of the Code of Criminal Procedure does not require the balancing application— the balancing test for extraneous offenses for sexual offenses dealing with children under age 17. The Court does believe that there is always a relevancy issue, but the Court does find that the extraneous offenses raised by the State would be relevant concerning those offenses that were described this morning.

Before this court, the State concedes that Article 38.37 does require the trial court to conduct the Rule 403 balancing test and that the trial court erred in failing to apply the balancing test. However, the State contends the error is harmless.

Article 38.37 provides that "[n]otwithstanding Rules 404 and 405," evidence of other crimes, wrongs, or acts by a defendant against the child who is the victim of an alleged offense "shall be admitted" for its bearing on relevant matters, including (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child. TEX.CODE CRIM. PROC. ANN. art. 38.37, § 2. When evidence of a defendant's extraneous acts is relevant under Article 38.37, the trial court is still required to conduct a Rule 403 balancing test. *Walker v. State*, 4 S.W.3d 98, 103 (Tex.App.—Waco 1999, pet. ref'd); *Wheel-*

*er v. State*, 988 S.W.2d 363, 368 n. 4 (Tex. App.—Beaumont 1999, pet. granted); *Ernst v. State*, 971 S.W.2d 698, 700–01 (Tex.App.—Austin 1998, no pet.); *see also Hinojosa v. State*, 995 S.W.2d 955, 957 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Hinds v. State*, 970 S.W.2d 33, 35 (Tex.App.—Dallas 1998, no pet.); *Howland v. State*, 966 S.W.2d 98, 103 (Tex. App.—Houston [1st Dist.] 1998), *aff'd on other grounds*, 990 S.W.2d 274 (Tex.Crim. App.1999), *cert. denied*, 528 U.S. 887, 120 S.Ct. 207, 145 L.Ed.2d 174 (1999).

 Rule 403 states that relevant evidence may be excluded if its probative value is substantially outweighed by its prejudicial effect. Tex.R. Evid. 403; *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex.Crim.App.1991) (op. on reh'g). On a proper objection, the trial court is required to conduct a Rule 403 balancing test and determine the admissibility of the evidence. *Rojas v. State*, 986 S.W.2d 241, 250 (Tex.Crim.App.1998); *Williams v. State*, 958 S.W.2d 186, 195 (Tex.Crim.App.1997). The trial court is not required to place the results of its balancing test on the record. *Williams*, 958 S.W.2d at 195. Rather, the trial court is presumed to engage in the required balancing test once a party objects on the ground of Rule 403 and the trial court rules on the objection, unless the record indicates otherwise. *Rojas*, 986 S.W.2d at 250; *Santellan v. State*, 939 S.W.2d 155, 173 (Tex.Crim.App.1997).

In the present case, the record affirmatively shows the trial court refused to conduct the Rule 403 balancing test. Such failure was error.

 We must now assess the harm from that error. In the only other case we could find in which a court of appeals held that a trial court failed to conduct a Rule 403 balancing test, the court of appeals assessed harm under former Tex.R.App. P. 81(b)(2), now Tex.R.App. P. 44.2. *Flores v.* *State*, 840 S.W.2d 753, 756 (Tex.App.—El Paso 1992, no pet.). In so doing, the court evaluated whether the defendant was harmed by the admission of the extraneous offenses and concluded he was not. *Id.* at 756–57.

 Harm must be assessed under Tex.R.App. P. 44.2, and the error in failing to conduct a Rule 403 balancing test is nonconstitutional error. *Flores*, 840 S.W.2d 753. Under Rule 44.2(b), nonconstitutional error is harmless if it does not affect the defendant's substantial rights. Tex.R.App. P. 44.2(b). Reversal is not required if after reviewing the record as a whole, the appellate court has a fair assurance that the error did not influence the jury's verdict or had only a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998).

 We must determine if the danger of unfair prejudice substantially outweighed the probative value of the evidence, and then whether the admission of the extraneous evidence affected the defendant's substantial rights. A review of the following factors is warranted

(1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor that is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2) the potential the other offense evidence has to impress the jury in some irrational but nevertheless indelible way;

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense;

(4) the force of the proponent's need for this evidence to prove a fact of conse-

quence, which breaks down into three sub-parts:

(a) Does the proponent have other available evidence to establish the fact of consequence that the extraneous misconduct is relevant to show?

(b) How strong is that other evidence?

(c) Is the fact of consequence related to an issue that is in dispute?

*See Montgomery,* 810 S.W.2d at 389–90.

## Probative Value

■ The purpose of the balancing test is not to determine whether the evidence is prejudicial, because all evidence introduced by the State to prove the commission of the alleged act is prejudicial by its nature; however, the real question is whether the evidence is so prejudicial that it would outweigh the probative value. The evidence in this case showed a pattern of sexual advances by Colvin toward the alleged victim; that Colvin had by these alleged acts demonstrated that he had a premeditated state of mind to gratify his own sexual desire in the seduction of a minor; and that this showed preparatory acts that established his pattern toward further sexual advances toward this alleged victim. The evidence was probative to show Colvin's state of mind in trying to gratify his own sexual desire. All of this conduct was alleged to have occurred over approximately one week. Thus, the evidence was probative to show the nature of the relationship between Colvin and the victim.

## Impact on the Jury

Any impact on the jury would not have been one that was irrationally connected to the alleged crime, but rather showed the relationship between the alleged victim and the accused in leading up to the charged criminal act.

We agree with Colvin that the evidence of these extraneous acts would tend to make an impression on the jury and that the State emphasized this evidence. However, we also agree with the State that extraneous transaction evidence is inherently prejudicial. At no time, however, did Colvin seek a limiting instruction with respect to this evidence to lessen the impact on the jury.

## Time Needed to Develop the Evidence

The State developed the extraneous transaction evidence in the context of the outcry witness's and the victim's testimonies. As the State also observes, the extraneous transaction evidence requires less than twenty of the almost 300 pages of the reporter's record.

## State's Need for the Evidence

There was no other evidence to establish the facts of consequence, i.e., Colvin's prior state of mind and the prior and subsequent relationship between Colvin and the victim. In addition, the victim's testimony regarding at least one of the extraneous acts, the marks Colvin made on her lower abdomen with his mouth, was needed to explain some of the medical testimony. These were issues in dispute, because Colvin denied that the contact ever occurred.

## Summary

Evaluating the evidence, we conclude that the trial court's failure to conduct the balancing test did not affect Colvin's substantial rights. Tex.R.App. P. 44.2(b). The error could not have improperly influenced the jury's verdict because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. We overrule Colvin's first and second issues on appeal.

In his third issue on appeal, Colvin contends the trial court erred in enhancing his punishment. The State concedes the error and agrees this matter should be remanded to the trial court for a new sentencing hearing.

▮ Indecency with a child is a second degree felony, the punishment range for which is two to twenty years' confinement. TEX. PEN.CODE ANN. § 12.33(a) (Vernon 1994); TEX. PEN.CODE ANN. § 21.11(c) (Vernon Supp.2001). Having found the State's enhancement allegations true, the trial court sentenced Colvin to twenty-five years' confinement. Thus, the trial court enhanced Colvin's punishment under the habitual offender statute, TEX. PEN.CODE ANN. § 12.42 (Vernon Supp.2001).

▮ The indictment alleged four prior felony offenses, but at the beginning of the punishment phase, the State abandoned the allegation regarding the fourth offense. The first offense was alleged to have occurred on January 30, 1987 and to have become final on January 15, 1991. The second offense was alleged to have occurred on February 24, 1987 and to have become final on January 15, 1991.[1] The third offense was alleged to have occurred sometime in 1988 and to have become final on October 25, 1988.

Two provisions of Section 12.42 are relevant to this discussion. Under Section 12.42(b), punishment for a second degree felony must be enhanced to the level of a first degree felony if the State proves the defendant has been previously convicted of a felony. TEX. PEN.CODE ANN. § 12.42(b). Under Section 12.42(d), punishment for a second degree felony must be enhanced to confinement for life, or for not less than twenty-five years and not more than ninety-nine years, if the State proves (1) the defendant has been convicted of two prior felonies, and (2) the second felony was committed after the first felony conviction became final. TEX. PEN.CODE ANN. § 12.42(d).

Colvin's sentence could have been enhanced under Section 12.42(b) because the State proved that he was previously convicted of a felony. However, a review of the State's allegations and proof shows that the sequencing requirement of Section 12.42(d) was not met. The first offense was committed on January 30, 1987, before the other two offenses became final. The second offense was committed on February 24, 1987, also before the other two offenses became final. The third offense was committed sometime in 1988, again before the other two offenses became final. Thus, none of the three prior felony offenses was committed after the conviction for any other offense became final.

Colvin contends the trial court nevertheless sentenced him under Section 12.42(d). Indeed, the record supports that conclusion. At the punishment phase, the parties engaged in significant discussions regarding the proper sentencing range. In pronouncing its twenty-five-year sentence, the trial court stated, "The minimum sentence is a very long sentence," thus indicating that it was using the sentencing range required by Section 12.42(d), rather than the sentencing range required by Section 12.42(b). Consequently, we agree with Colvin and with the State that this

---

1. For the first two offenses, Colvin received community supervision, and the date the conviction was alleged to have become final was the date his supervision was revoked. This is the appropriate date because it is well-settled that a probated sentence is not a final conviction for enhancement purposes unless it is revoked. *Jordan v. State*, 36 S.W.3d 871, 875 (Tex.Crim.App.2001); *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex.Crim.App.1992); *Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim.App.1978) (orig. proceeding).

matter must be remanded to the trial court for a new punishment hearing.

The judgment of conviction is affirmed. We reverse that portion of the judgment assessing punishment and remand this cause to the trial court for a new punishment hearing.