**AFFIRMED; Opinion Filed December 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01127-CR

### LOAY ABDLLAH DARAGHMEH, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-13-190**

## OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

A jury convicted appellant Loay Abdllah Daraghmeh of stalking and assessed punishment at ten years in prison and a $10,000 fine, but recommended the confinement and fine be suspended and that appellant be placed on community supervision. The trial court sentenced appellant to ten years' community supervision. The court made a finding of family violence. In two issues, appellant argues that the trial court abused its discretion by admitting extraneous offense evidence without conducting the rule 403 balancing test, and that the trial court erred by making the affirmative finding of family violence. We affirm.

### DISCUSSION

### *Rule 403 Balancing Test*

In his first issue, appellant contends that the trial court abused its discretion by admitting evidence of extraneous offenses or acts without conducting the rule 403 balancing test. Prior to

trial, the trial court granted the defense's motion in limine that requested a hearing outside the presence of the jury before the State elicited testimony regarding extraneous acts or offenses. On the second day of trial, during its direct examination of the complainant, Bashair "Sherry" Daraghmeh, the prosecutor asked for permission to approach the bench. During the bench conference, the prosecutor told the court that the State wanted to ask the complainant about the following extraneous offenses or acts:

> The State asked to approach based on some evidence that we plan to ask the witness about regarding a comment that she was made aware of by the defendant where he says that he has four bullets: One for her, one for him, and one for each of the boys, which we would argue would go to her state of mind and why she was taking all of these threats and following and incidents seriously.

> We also have evidence that she earlier, previously in their marriage when she was pregnant with their second child, decided to leave him and go to Michigan. He followed her up there. She—an incident occurred.

> She received a protective order from Michigan, and he came back down to Texas and sent two friends up after her. We also have an incident in 2009 where they, again, had gotten into confrontation. He assaults her, breaking her arm, and she goes to seek medical services for that.

> All of those, we would argue, go to her state of mind as to why she took these threats seriously and why a reasonable person in the same circumstances as the complainant would take these threats seriously, in fear of bodily injury or death.

The trial court ultimately overruled the defense's objection that the probative value of this extraneous offense evidence was outweighed by its prejudicial effect. The court, however, did not discuss the rule 403 balancing test. The relevant portion of the record reads as follows:

> And, [defense counsel], I will let you know on break, before we came on the record here, that I found yesterday a case out of Houston, *McGowan v. State*, cited at 375 S.W.3d 585. And it's also mentioned in *Lewis v. State*, 88 S.W.3d 383, which is a case out of the Fort Worth Court of Appeals.

> And the crux of it goes back to the Court of Criminal Appeals case. And basically it's when an extraneous offense is offered to prove a main fact in the State's case, no limiting instruction is required.

> And so based upon that, I don't believe I need to do a 404 analysis or balancing as long as—and I want to make sure the State understands—that only,

I'm only opening this for—to prove the elements of fear of bodily injury or death.

And so for anything that's not alleged in the indictment, but it is direct between the defendant and the victim in this case. . . .[1]

Appellant's trial counsel argued that the extraneous offense evidence was inadmissible under rule 404(b) to prove intent or state of mind, that it was too remote, and that the probative value of the evidence was outweighed by its prejudicial effect. The trial court replied:

I note your objection, but the statute does specifically require the fear of bodily injury or death, so that's an element. That's not just what the State has alleged in the indictment, but an element of the statute, which goes directly on point with the case law that I have cited, as well as the Court of Criminal Appeals case of *Clements* 19 S.W.3d 442.[2]

Shortly before the jury was brought back to the courtroom, the defense again argued that the evidence was inadmissible to show the complainant's state of mind, to which the trial court responded that it would allow the defense "to get into that" on cross-examination," but it was "going to follow these cases and allow for it, because it is a main fact as required in the State's case." The court did not provide a limiting instruction.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court does not abuse its discretion unless its decision to admit or exclude the evidence lies outside the zone of reasonable disagreement. *See id.*; *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009).

Although admissible under rule 404(b), "evidence may be excluded if its probative value

---

[1] The two cases cited by the court are *McGowen v. State*, 375 S.W.3d 585 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) and *Lewis v. State*, 88 S.W.3d 383 (Tex. App.—Forth Worth 2002, pet. ref'd). In *McGowan*, a stalking case, the court concluded that because the defendant did not request a limiting instruction when allegedly objectionable evidence was first introduced, that evidence was admitted for all purposes, and the defendant was not entitled to a limiting instruction in the jury charge. *See McGowan*, 375 S.W.3d at 593. In *Lewis*, the court concluded, in part, that the defendant failed to preserve for review the argument that the trial court erred by admitting testimony of extraneous conduct that was not alleged in the indictment because the defendant failed to object to that specific testimony at trial. *See Lewis*, 88 S.W.3d at 383.

[2] The citation provided by the court is to a case from the Houston First District Court of Appeals. *See Clements v. State*, 19 S.W.3d 442 (Tex. App.—Houston [1st Dist.] 2000, no pet.). In *Clements*, the court concluded, in part, that the trial court did not abuse its discretion by admitting evidence regarding events occurring on dates other than those alleged in the information because that evidence was relevant to determine whether the victim was placed in fear of bodily injury or death based on the defendant's conduct. *See id.* at 452.

–3–

is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. When undertaking a rule 403 analysis, the trial court must balance:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).[3]

Rule 403 favors admissibility, and "the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991); *see also De La Paz*, 279 S.W.3d at 343. As with rule 404, a trial court does not abuse its discretion when it admits or excludes evidence pursuant to rule 403 so long as its decision is within the zone of reasonable disagreement. *See De La Paz*, 279 S.W.3d at 343–44.

Once a party lodges the rule 403 objection, a trial court lacks the discretion to decide whether to engage in the balancing test required by the rule. *Montgomery*, 810 S.W.2d at 389. Although a trial court must be given wide latitude to admit or exclude misconduct evidence as it sees fit, "the trial court has no discretion to refuse a request to conduct the rule 403 balancing of probativeness versus prejudice and decide whether to exclude evidence of misconduct in spite of its admissibility under Rule 404(b)." *Id*. at 390; *see also Massey v. State*, 933 S.W.2d 582, 587 (Tex. App.—Houston [1st Dist.] 1996, no pet.). When it makes an admissibility ruling, "the trial

---

[3] The *Gigliobianco* court noted that this newly-worded framework merely refined and built upon its previous analysis, and brought it into line with the plain text of rule 403. *See Gigliobianco*, 210 S.W.3d at 642 n.8 ("In some of our precedents, we stated that a proper Rule 403 analysis included, but was not limited to, four factors: (1) the probative value of the evidence, (2) the potential of the evidence to impress the jury in some irrational yet indelible way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. By our decision today, we do no more than refine and build upon our previous analysis, and bring it in line with the plain text of Rule 403.") (citation omitted).

court implicitly makes findings of fact and conclusions of law." *Green v. State*, 934 S.W.2d 92, 104 (Tex. Crim. App. 1996). No authority requires a trial court to sua sponte put such findings or conclusions on the record. *See id.* Absent an explicit refusal to conduct the balancing test, we presume a trial court conducted the test when it overruled the rule 403 objection. *See Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997) (appellate courts presume trial court engaged in required balancing test once rule 403 is invoked, and trial court's failure to conduct balancing test on the record does not imply otherwise); *Santellan v. State*, 939 S.W.2d 155, 173 (Tex. Crim. App. 1997) ("Although appellant asserts that the trial court did not perform the balancing test, the trial court did not explicitly refuse to do the test, it simply overruled appellant's Rule 403 objections. We find nothing in the record to indicate that the trial court did not perform a balancing test, albeit a cursory one.").

Appellant argues that the trial court in this case explicitly refused to conduct a rule 403 balancing test, apparently believing no such test was required, and that the cases cited by the court do not even discuss the rule 403 balancing test, much less support a decision to admit the disputed evidence without doing a rule 403 balancing test. The State, however, contends that the court's comments should not be interpreted as an explicit refusal to do a rule 403 balancing test, and that the court necessarily conducted the balancing test when it considered and overruled the defense's rule 403 objection. We need not resolve this dispute. Even if we were to conclude that the trial court expressly refused to conduct a rule 403 balancing test, the error was harmless.

Generally, the erroneous admission or exclusion of evidence is nonconstitutional error. *Walters v. State*, 247 S.W.3d 204, 221 (Tex. Crim. App. 2007). Under rule 44.2(b), we disregard nonconstitutional error that does not affect the substantive rights of appellant. *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002). Substantial rights are not affected if, based on the record as a whole, we have a fair assurance that the error did not influence the jury, or had but a

slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). We use the same analysis to review a trial court's failure to conduct a rule 403 balancing test. *See Colvin v. State*, 54 S.W.3d 82, 85–86 (Tex. App.—Texarkana 2001, no pet.) (applying rule 403 balancing test and concluding that trial court's failure to conduct the balancing test did not affect the appellant's substantial rights); *Flores v. State*, 840 S.W.2d 753, 756 (Tex. App.—El Paso 1992, no pet.) (applying former rule 81(b)(2) and concluding, beyond a reasonable doubt, that error in admission of extraneous offense evidence in absence of a balancing test did not contribute to the conviction, nor did it contribute to the punishment).

Regarding the first two *Gigliobianco* factors, the "inherent probative force" of the extraneous bad act measures "how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation." *Gigliobianco*, 210 S.W.3d at 641. One element of stalking is that the defendant causes another to be placed in fear of bodily injury or death. TEX. PENAL CODE ANN. § 42.072(a)(2). The trial court could have reasonably concluded that the disputed evidence was probative to show the complainant's state of mind regarding why she took appellant's threats seriously, and why a reasonable person in her position would have done the same. In addition, the State's need for the evidence was substantial since it showed the complainant's state of mind and why she feared appellant. As for the third factor, the extraneous acts or offenses in this case are not so inherently inflammatory that they would tend to elicit an emotional response and impress a jury in some "irrational yet indelible way." *See Wheeler v. State*, 67 S.W.3d 879, 889 (Tex. Crim. App. 2002). The fourth and sixth factors concern the tendency of the evidence to confuse or distract the jury from the main issues and the amount of time consumed by the presentation of the extraneous offense evidence. *See Gigliobianco*, 210 S.W.3d at 641 ("Evidence that consumes an inordinate amount of time to present or answer, for

example, might tend to confuse or distract the jury from the main issues."). The State in this case developed the extraneous acts or offense evidence in the context of the complainant's testimony. The jury had not previously heard the complainant testify about appellant having "four bullets," the 2009 assault, or appellant's conduct in following her to Michigan, where she obtained a protective order, so the evidence was neither cumulative nor repetitive. Moreover, the complainant's testimony regarding the extraneous acts or offenses takes up only five of the over 600 pages in the trial record. Given the limited time devoted to the presentation of this evidence, the fourth and sixth factors, like the others, therefore weigh in favor of admission. The fifth factor concerns "a tendency of an item of evidence to be given undue weight by the jury on other than emotional grounds. For example, 'scientific' evidence might mislead a jury that is not properly equipped to judge the probative force of the evidence." *Id.* (citation omitted). The testimony regarding the extraneous acts or offenses was not prone to this tendency, as it pertained to matters that could be easily understood by a jury. Hence, this factor also weighs in favor of admission.

Evaluating the evidence in light of the *Gigliobianco* factors, we thus conclude that the trial court's alleged explicit refusal to conduct the rule 403 balancing test did not affect appellant's substantial rights. TEX. R. APP. P. 44.2(b). The court's error, if any, could not have improperly influenced the jury's verdict because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See Colvin*, 54 S.W.3d at 85–86. We overrule appellant's first issue.

### *Affirmative Finding of Family Violence*

In his second issue, appellant contends the trial court erred by making an affirmative finding of family violence in the judgment because stalking is an offense under Title 9, not Title 5, of the penal code. *See* TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2006). The State

responds that appellant failed to preserve this complaint for review or, alternatively, that the offense of stalking was an "offense against the person" for purposes of Title 5 of the penal code, and that appellant was tried under Title 5.

Article 42.013 of the code of criminal procedure provides:

> In the trial of an offense under Title 5, Penal Code [offenses against the person], if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case.

*Id.* art. 42.013. Family violence is defined in part as follows:

> [A]n act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member is fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.

TEX. FAM. CODE ANN. § 71.004(1).

The trial court is statutorily required to enter an affirmative finding of family violence in the judgment if, during the guilt phase, it determines that the offense involved family violence. *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). The court has no discretion in the matter, nor does the prosecutor have the discretion to seek such a finding. *Suiters v. State*, No. 07–13–00352–CR, 2014 WL 4459135, at *1 (Tex. App.—Amarillo Sept. 10, 2014, no pet.) (mem. op., not designated for publication). If the State charges an accused with a crime within the scope of section 71.004 and the evidence supports a verdict that the crime was committed, the statute requires the trial court to enter the finding. *See id.*

To preserve a complaint for appellate review, however, a party must make a timely, specific request, objection, or motion in the trial court and obtain an adverse ruling from the trial court. TEX. R. APP. P. 33.1(a). At the end of the July 18, 2013 sentencing hearing, the prosecutor asked the trial court to make an affirmative finding of family violence. The court responded, "And I do make a finding of family violence in this case, for the record." Appellant

–8–

did not object to the trial court's finding of family violence, nor did he raise the issue in his August 5, 2013 "Motion for New Trial and Motion in Arrest of Judgment." Accordingly, appellant's complaint was not preserved for appellate review. *See id.*; *Wilson v. State*, Nos. 05–10–01207–CR, 05–10–01208–CR, 05–10–01209–CR, 05–10–01210–CR, 05–10–01211–CR, 05–10–01212–CR, 05–11–00087–CR, 2012 WL 983119, at *4, n. 4 (Tex. App.—Dallas Mar. 21, 2012, no pet.) (mem. op., not designated for publication) (argument that finding of family violence in burglary of habitation case was not authorized by article 42.013 because burglary is an offense under Title 7, rather than Title 5, of the penal code was not preserved for review because appellant did not object to the trial court's finding of family violence in the burglary of a habitation case); *see also Givens v. State*, Nos. 05–06–01582–CR, 05–06–01583–CR, 05–06–01584–CR, 2008 WL 2104843, at *4 (Tex. App.—Dallas May 20, 2008, pet. dism'd) (mem. op., not designated for publication) (appellant failed to demonstrate his complaint about lack of notice of State's intent to seek family violence finding was an exception to the error preservation requirements); *Villarreal v. State*, No. 01–01–00053–CR, 2002 WL 501605, at *2 (Tex. App.—Houston [1st Dist.] Apr. 4, 2002, no pet.) (not designated for publication) (appellant failed to preserve claim he was denied due process by trial court's affirmative finding of family violence because he did not raise it in trial court). We overrule appellant's second issue.

The trial court's judgment is affirmed.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131127F.U05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LOAY ABDLLAH DARAGHMEH,
Appellant

No. 05-13-01127-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District
Court, Rockwall County, Texas
Trial Court Cause No. 2-13-190.
Opinion delivered by Justice Myers. Justices
Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of December, 2014.