**Opinion filed September 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00289-CR
_____

## TRAVIS MASSINGILL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 7445**

## M E M O R A N D U M   O P I N I O N

The jury convicted Travis Massingill of theft over $1,500 but less than $20,000. The trial court assessed his punishment at confinement for a term of two years in the State Jail Division of the Texas Department of Criminal Justice and a $5,000 fine. Appellant is a roofing contractor, and this offense arises from his dealings with a customer. In a single issue on appeal, Appellant contends that the trial court erred in allowing testimony about his dealings with other customers. We affirm.

*Background Facts*

In the summer of 2012, a hailstorm damaged the roof of Harold Sowa's house in Colorado City. After negotiating with his insurance company, Sowa contracted with Appellant to repair his roof and paid him $14,734.24 in cash. Appellant told Sowa that he had all the supplies and would begin work on Sowa's roof shortly. Over a year passed, and Appellant never began work on Sowa's roof. Appellant later told Sowa that he would refund the money. However, Appellant never refunded the money.

The State presented the testimony of several aggrieved customers during its case-in-chief that had hired Appellant for roofing work. In October 2012, Charles Rice contacted Appellant and asked him to repair his roof. Appellant agreed, and Charles paid him $6,450. Appellant told Charles that it would take him three to four weeks to make the repairs. Appellant neither fixed the roof nor gave Charles a refund. Sally Willett testified that, in May 2013, her roof was damaged in a storm. She hired Appellant to fix her roof, paying him $4,680. Appellant returned $100 to Willett, but did not fix her roof. In June 2013, Jeanie Rice's roof sustained wind damage. She hired Appellant to fix her roof, paying him $5,100. Appellant never repaired Jeanie's roof. In addition to the testimony of Appellant's other customers, the State presented evidence that Appellant had previously been convicted of theft by deception in Erath County arising from a similar roofing dispute between Appellant and a 90-year-old couple.

*Analysis*

In his sole issue, Appellant asserts that the admission of evidence pertaining to his dealings with other customers violated Rule 403 of the Texas Rules of Evidence. We review the trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006); *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001);

*Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). This standard requires an appellate court to uphold a trial court's evidentiary ruling when it is within the zone of reasonable disagreement. *Torres v.* State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *Powell*, 63 S.W.3d at 438. We will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay or needless presentation of cumulative evidence. TEX. R. EVID. 403; *see Young v. State*, 283 S.W.3d 854, 874 (Tex. Crim. App. 2009). Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002); *Render v. State*, 347 S.W.3d 905, 921 (Tex. App.—Eastland 2011, pet. ref'd). Evidence is unfairly prejudicial when it has the undue tendency to suggest an improper basis for reaching a decision. *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000); *Render*, 347 S.W.3d at 921. In reviewing a trial court's determination under Rule 403, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting *Montgomery*, 810 S.W.2d at 392). An analysis under Rule 403 includes, but is not limited to, the following factors: (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational yet indelible way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012); *Shuffield*, 189 S.W.3d at 787.

Assuming Appellant preserved his Rule 403 objection at trial,[1] we conclude that the trial court did not abuse its discretion in determining that the probative value of the evidence was not substantially outweighed by its prejudicial effect. Under the first factor, the testimony of Appellant's other customers was probative of Appellant's intent at the time he accepted payment from Sowa. Appellant contends that the testimony of his other customers had "decreased probative value" because the State introduced evidence of his previous conviction of theft by deception. In order to prove its claim of theft in this case, the State was required to prove beyond a reasonable doubt that Appellant acted with intent to deprive Sowa of his property at the time Appellant received the payment from Sowa. *See* TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2016); *Taylor v. State*, 450 S.W.3d 528, 536 (Tex. Crim. App. 2014). Evidence of multiple transactions entered into by Appellant that are similar in nature to the transaction for which he was tried is probative of his intent. *See Taylor*, 450 S.W.3d at 538. The fact that Appellant was convicted for one of these instances, but not the others, does not lessen their probative value. The three transactions entered into with Charles, Willett, and Jeanie tend to show a pattern of behavior from which the jury could have inferred intent. Therefore, we conclude that it was not an abuse of discretion for the trial court to conclude that the first factor weighs in favor of admissibility.

Appellant further contends that the testimony of Charles, Willett, and Jeanie was unfairly prejudicial because these transactions occurred after the incident for

---

[1]Appellant objected at trial to the testimony of the three witnesses under Rule 404(b), but he did not object under Rule 403. However, the prejudicial nature of the testimony was discussed at a pretrial hearing on a motion in limine in connection with Appellant's Rule 404(b) objection. Generally, a denial of a motion in limine does not preserve error for appellate review. *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988). However, since the prejudicial effect of the evidence was discussed by the trial court in conjunction with ruling on Appellant's 404(b) objection, we conclude that the practical effect of Appellant renewing his Rule 404(b) objection at trial was to also renew his objection as to prejudice. *See Wyle v. State*, 777 S.W.2d 709, 715 n.5 (Tex. Crim. App. 1989); *Flores v. State*, 840 S.W.2d 753, 755–56 (Tex. App.—El Paso 1992, no pet.).

which he was tried. The State responds to Appellant's argument by citing a provision of the theft statute, which provides that "evidence that the actor has *previously* participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not guilty." PENAL § 31.03(c)(1) (emphasis added). The plain language of the statute makes clear that evidence of transactions occurring *before* the charged offense are admissible. However, the statute does not authorize admission of evidence of transactions occurring after the charged offense. *Hegar v. State*, 11 S.W.3d 290, 297 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The First Court of Appeals in *Hegar* saw "no logical reason to confine admissibility of extraneous transactions only to those occurring prior to the charged offense" and concluded that subsequent offenses could still be admissible under the Texas Rules of Evidence. *Id.* Though the court in *Hegar* was analyzing the admissibility of evidence under Rule 404(b), we agree that there is no reason to bar admission of subsequent transactions under the Rules of Evidence simply because they occurred after the offense charged. Since there is no indication that this evidence improperly influenced the jury, we disagree with Appellant that the trial court abused its discretion in ruling that this evidence was not unfairly prejudicial.

Finally, Appellant relies on *State v. Mechler*, 153 S.W.3d 435 (Tex. Crim. App. 2005), for the proposition that the testimony of Charles, Willett, and Jeanie was not needed. In *Mechler*, the trial court suppressed evidence of the defendant's intoxilyzer results under Rule 403. *Id.* at 437–38. The Court of Criminal Appeals analyzed the trial court's ruling under an abuse of discretion standard, using the same four factors listed above. *Id.* at 439–40. As to the first three factors, the court concluded that all three weighed in favor of admissibility. *Id.* at 440–41. Appellant relies on the court's analysis of the fourth factor: the State's need for the evidence.

As to that factor, the court concluded that the State did not have a great need for the evidence because the State had other evidence that the defendant was driving while intoxicated. *Id.* at 441. The defendant rolled through a stop sign, was driving erratically, smelled of alcohol, admitted to drinking alcohol, and failed field sobriety tests. *Id.* Nevertheless, the court concluded that the balance of the factors weighed in favor of admissibility and held that the trial court abused its discretion by suppressing the evidence. *Id.* at 442.

This case is distinguishable from the facts in *Mechler*. In that case, the State was offering the intoxilyzer results to prove that the defendant was intoxicated. *Id.* at 437. As stated above, the State had numerous other items of evidence that it could use to prove intoxication, including an admission by the defendant that he had consumed alcohol. *Id.* at 441. In this case, the State presented the testimony of Appellant's other customers in order to show his intent at the time he took Sowa's money. *See* TEX. R. EVID. 404(b). Unlike the situation in *Mechler*, the State had only one other item of evidence that it could rely upon to prove intent—his prior conviction for theft by deception—and did not have an admission by Appellant. Therefore, it was not an abuse of discretion for the trial court to conclude that this factor weighed in favor of admissibility. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

September 30, 2016                                         JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.