

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00151-CR

KELLY DWAYNE BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14348

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

A Marion County jury convicted Kelly Dewayne Brown of aggravated sexual assault of a child. Pursuant to his plea of true to the State's enhancement allegations, the trial court sentenced Brown to imprisonment for life.

In his sole point of error on appeal, Brown argues that the trial court erred in failing to conduct a balancing test under Rule 403 of the Texas Rules of Evidence before admitting evidence of a prior conviction for "sexual abuse of a child younger than 17 years" during the guilt/innocence phase of his trial. Because we presume that the trial court conducted the balancing test, we overrule Brown's point of error.

Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of," among others, "unfair prejudice." TEX. R. EVID. 403; *Montgomery v. State*, 810 S.W.2d 372, 377 (Tex. Crim. App. 1991) (op. on reh'g). On a proper objection, the trial court must conduct a Rule 403 balancing test to determine whether the evidence should be excluded. *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). Here, the appellate record shows that Brown objected to the admissibility of the extraneous offense because it was "too prejudicial."[1] After hearing argument, the trial court simply overruled Brown's objection.

---

[1] In cases like the one before us, Article 38.37 of the Texas Code of Criminal Procedure permits the introduction of evidence "in a trial of a defendant for the enumerated sexual crimes against children . . . that the defendant has committed certain offenses against a *nonvictim* of the charged offense." *Belcher v. State*, 474 S.W.3d 840, 844 (Tex. App.—Tyler 2015, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West 2018). "[T]he admission of evidence under Article 38.37 'is limited by Rule 403's balancing test, which permits admission of evidence as long as its probative value is not substantially outweighed by its potential for unfair prejudice.'" *Fahrni v. State*, 473 S.W.3d 486, 492 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd)).

Brown's appellate point complains that the trial court erred in admitting the extraneous offense "without any Texas Rule of Evidence 403 analysis."[2] In support of his contention that the court "conducted no analysis of . . . Rule 403 criteria," Brown notes, "There is nothing in the record indicating that the trial judge balanced any of the factors outlined in the rule." Even so, the trial court need not conduct a formal Rule 403 hearing and "is not required to place the results of its balancing test on the record." *Colvin v. State*, 54 S.W.3d 82, 85 (Tex. App.—Texarkana 2001, no pet.) (citing *Williams*, 958 S.W.2d at 195). "Rather, the trial court is presumed to engage in the required balancing test once a party objects on the ground of Rule 403 and the trial court rules on the objection, unless the record indicates otherwise." *Id.* For that reason, "where nothing in the record shows the trial judge did not perform the balancing test, we have found no error when the judge simply listened to the defendant's objections, then overruled them." *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).

Because the trial court is presumed to have conducted the Rule 403 balancing test, we overrule Brown's sole point of error complaining of the alleged failure to conduct the test. On that basis, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     February 7, 2019
Date Decided:     February 27, 2019

Do Not Publish

---

[2]Brown's briefing does not apply the factors to be considered in a Rule 403 analysis, and he does not argue that the trial court erred in applying the factors specified in *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).