

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00080-CR

_____


ANTONIO FREEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 36247-B


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After several hearings that included administrative transfers between two different district courts and discussions over whether the parties could agree to waive a jury, Antonio Freeman decided to plead guilty to burglary of a habitation and submit his fate to a jury of his peers April 1, 2008. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003). The State had, three days earlier, filed its notice of intent to enhance the available punishment range in Freeman's case from that range provided for second-degree felonies to that provided for first-degree felonies, based on Freeman's prior felony conviction. *See* TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2008). This enhancement allegation had not been originally included in the grand jury's indictment. Before the jury, Freeman admitted he had been previously and finally convicted of a felony as alleged in the State's notice, and the jury assessed his punishment at thirty years' imprisonment (within range provided for first-degree felonies yet outside range provided for second-degree felonies). *Contrast* TEX. PENAL CODE ANN. § 12.32, *with* §12.33 (Vernon 2003).

Freeman now appeals, raising four points of error concerning different aspects of that thirty-year sentence. We affirm the trial court's judgment because (1) the trial court's judgment is not defective, (2) the trial court's jury charge contained no error, (3) Freeman failed to preserve his disproportionate-sentence claim, and (4) the evidence is legally and factually sufficient to support the enhanced punishment.

*(1)     The Trial Court's Judgment Is Not Defective*

Freeman contends that, because the State's punishment enhancement allegation was not included in the grand jury's indictment, and because the trial court's jury charge "repeatedly refers the jury to the enhancement paragraph," the petit jury should not have been permitted to assess punishment under an enhanced sentencing range.  Therefore, according to Freeman, the trial court's judgment (which incorporates the enhancement) is fundamentally defective.

The State's "Notice of Intent To Enhance Punishment Range With Prior Felony Convictions" described the prior conviction sought to be used for enhancement:

> PRIOR to the commission of the aforesaid offense by ANTONIO FREEMAN, to wit: on the 8th day of May, 2003, A.D., in the 188th Judicial District Court of Gregg County, Texas, in cause number 28,886-A on the docket of said Court, the said Defendant under the name of ANTONIO FREEMAN, was duly and legally convicted in said last named Court of a second degree felony, to-wit:  BURGLARY OF A HABITATION, as charged in the indictment, upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction; and said conviction was a final conviction and was a conviction of an offense committed by him, the said ANTONIO FREEMAN, prior to the commission of the offense hereinbefore charged against him.

The State did not seek, nor did it obtain, any amendment to the indictment to include this enhancement allegation.

Nevertheless, it is well-settled that the State need not plead punishment enhancement allegations in the indictment; such allegations may be pled in other instruments. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).  In this case, the State's "Notice of Intent To Enhance Punishment Range with Prior Felony Convictions" constitutes one such permissible, alternative

3

pleading instrument. Accordingly, the trial court's judgment does not contain error. We overrule this point of error.

*(2)     The Trial Court's Jury Charge Contained No Error*

Freeman also contends the trial court erroneously instructed the jury on what it must find before enhancing Freeman's punishment. We disagree.

Freeman's argument regarding this issue is based on his fundamental misunderstanding of what constitutes the proper "date of conviction" that must be alleged by the State in the enhancement notice in this case. The State's notice alleged Freeman had been convicted of burglary of a habitation in cause number 28,886-A on *May 8, 2003*. The State's evidence showed that the trial court originally entered a judgment awarding community supervision in that case *January 4, 2002*. Freeman argues January 4 was the proper date of conviction and, because the State alleged a different date in the enhancement notice in the case now on appeal, the trial court's jury instruction that referenced May 8 was "clearly erroneous."

"[I]t is well-settled that a probated sentence is not a final conviction for enhancement purposes unless it is revoked." *Colvin v. State*, 54 S.W.3d 82, 87 n.1 (Tex. App.—Texarkana 2001, no pet.) (citing *Jordan v. State*, 36 S.W.3d 871, 875 (Tex. Crim. App. 2001); *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992); *Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978) (orig. proceeding)). The State's evidence showed that Freeman's community supervision was revoked May 8, 2003, in cause number 28,886-A. The State's enhancement notice properly

4

alleged the later date as the time of Freeman's "conviction" in cause number 28,886-A. The trial court did not err by referencing May 8, 2003, in its charge to the jury. We overrule this point of error.

*(3)      Freeman Failed to Preserve His Disproportionate-Sentence Claim*

Freeman further contends his thirty-year sentence violates the Eighth Amendment's prohibition against cruel or unusual sentences. He cites *Solem v. Helm*, 463 U.S. 277 (1983), as additional support for his claim that his sentence is disproportionate.

To preserve a complaint for appellate review, an appellant must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. Tᴇx. R. Aᴘᴘ. P. 33.1(a)(1)(A); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996). This Court has held that a defendant is required to raise a disproportionality objection to a sentence at the time the sentence is imposed or by a timely-filed motion for new trial. *Mullins v. State*, 208 S.W.3d 469, 470 n.1 (Tex. App.—Texarkana 2006, no pet.).

When Freeman's sentence was announced and later when it was imposed, no objection was made on the basis that the sentence was disproportionate to his crime. Nor was any other objection raised. Disproportionality of the sentence was not raised in Freeman's motion for new trial. Freeman thereby failed to preserve this issue for our review. Additionally, the sentence assessed fell within the range provided for first-degree felony punishments, and Freeman was eligible for punishment

5

within this range for the reasons set forth in our discussion of the evidentiary-sufficiency issue, below.

We overrule this point of error.[1]

*(4)*     *The Evidence Is Legally and Factually Sufficient to Support the Enhanced Punishment*

Freeman additionally contends the evidence is legally and factually insufficient to support his enhanced punishment.  Our review of the legal sufficiency of the evidence regarding a punishment enhancement issue for which the State bears the burden of proof is to be conducted under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  *See Jaynes v. State*, 216 S.W.3d 839, 845 (Tex. App.—Corpus Christi 2006, no pet.).  Our factual sufficiency review is conducted under the standard set forth in *Clewis v. State*, 922 S.W.2d 126, 134–35 (Tex. Crim. App. 1996).  *See Jaynes*, 216 S.W.3d at 845.

Freeman pled "true" to the enhancement allegation contained in the State's notice.  State's exhibit 23, admitted without objection, is a packet of materials concerning cause number 28,886-A from the 188th Judicial District Court of Gregg County, Texas.  Included is an indictment that charges "Antonio Freeman" with burglary of a habitation.  Also included in the packet is a copy of the trial court's judgment revoking Freeman's community supervision in that case; the trial

---

[1]We further note that the appellate record contains no evidence of punishments assessed for similar crimes within this jurisdiction or elsewhere; such considerations are an integral component of any disproportionality analysis. *See Harmelin v. Michigan*, 501 U.S. 957, 1006 (1991). As such, even if Freeman's complaint had been preserved for our review, he has failed to bring forth an adequate appellate record upon which we could assess the propriety of his sentence in this case. *Cf. Buchanan v. State*, 68 S.W.3d 136, 141 (Tex. App.—Texarkana 2001, no pet.).

6

court's judgment is dated May 8, 2003, and it assessed Freeman's punishment at two years' confinement.

Under the applicable *Jackson* and *Clewis* standards, the State's evidence is legally and factually sufficient to support Freeman's enhanced sentence in this case. Freeman admitted that the enhancement allegation was "true," and the State brought forth evidence to corroborate Freeman's plea to the enhancement allegations. Moreover, despite Freeman's contention on appeal to the contrary, we find no error in, or discrepancy between, the allegations contained in the enhancement notice and the State's trial evidence. We overrule this point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:    December 30, 2008
Date Decided:    December 31, 2008

Do Not Publish