

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-21-00258-CR

Aaron Dominique **TRAYLOR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CR-6163
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice
Concurring Opinion by:  Irene Rios, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice (concurring in the judgment)

Delivered and Filed: August 31, 2022

AFFIRMED

Appellant Traylor appeals his conviction for aggravated robbery on a sole issue: that when

he testified at his trial, the trial court abused its discretion by allowing the State to impeach him

with his prior felonies for aggravated robbery.

## BACKGROUND

In this case, Traylor was charged with robbing a convenience store at gunpoint. During

the trial on Traylor's charge of aggravated robbery, he chose to testify. His defense, and the

substance of his testimony, was that the aggravated robbery occurred in the morning, so that he

could not have committed it because he was taking his daughter to school. His daughter also testified that Traylor took her to school that day.

When Appellant was called as a witness by his lawyer, but before he began testifying, the prosecutor asked to approach the bench. Outside the hearing of the jurors, the following exchange occurred:

Prosecutor: This is impeachment and not extraneous, but just in an abundance of caution, I wanted to let the Court and defense know that I plan to ask him about his prior convictions as impeachment.

The Court: Well, if he's got felonies or crimes of moral turpitude, that complies with the rule that of course at this point they can.

Defense: My objection would be a Rule 403 objection, it's undue prejudice, his former case, because he committed a former case that's substantially similar to this particular crime, that's – that the jury could be easily confused by those.

The Court: That objection is overruled.

The State's cross-examination of Traylor before the jury proceeded as follows:

Prosecutor: And I've got – you understand that by taking the stand, I get to ask certain questions about your past, right?

Traylor: No. Yes.

Prosecutor: Okay. So, I'm going to ask you this, have you been incarcerated, in prison for a felony within the past ten years?

Traylor: Yes.

Prosecutor: You have. Okay. Was that out of Beaumont?

Traylor: Yes.

Prosecutor: Okay. How many felonies were you sentenced on out of Beaumont?

Traylor: Three.

Prosecutor: All right. And what – what was the crime in those cases?

Defense: I'm going to object, under Rule 403, undue prejudice and confusion of the issues.

Trial Court:     Overruled.

Prosecutor:    You can answer.

Traylor:         Aggravated robbery.

Prosecutor:    I'll pass the witness, Your Honor.

After the parties rested, the trial court read the following limiting instruction:

> In this case, evidence has been introduced to the effect that the defendant may have previously committed an act of misconduct for an offense, or has previously been convicted of an offense or offenses other than that for which he is now on trial. The Court permitted this evidence to be introduced for the purpose of aiding you, if it does aid you, in passing on the credibility of the defendant as a witness in his own behalf and the weight to be given his testimony. And you are charged that you may consider such evidence for that purpose and no other.

The charge instruction was followed by closing arguments, during which the prosecutor reminded jurors that they could consider Traylor's criminal history in weighing his credibility and testimony:

> And now, the defendant did choose to testify in this case. And since the defendant did choose to testify in this case, you're actually allowed to consider the criminal history, only to the extent of whether you believe him or not. You can't hold their criminal history against them, but you can consider their criminal history, and whether you decide to believe them or not. And we cannot forget that he did mention up there that he is a three-time felon for an aggravated robbery.

Upon deliberation, the jury found Traylor guilty of aggravated robbery. Traylor appeals.

### STANDARD OF REVIEW

"We review a court's decision to admit or exclude evidence under an abuse-of-discretion standard." *Johnson v. State*, 271 S.W.3d 756, 763 (Tex. App.—Waco 2008, pet. ref'd) (citing *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006)). "In reviewing the trial court's decision admitting into evidence a prior conviction, we must accord the trial court 'wide

discretion.'" *Jackson v. State*, 11 S.W.3d 336, 339 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (citing *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992)).

WITNESS IMPEACHMENT, PRIOR CONVICTION

## A. Parties' Arguments

Traylor objected to his impeachment by prior convictions under Texas Rule of Evidence 403. He argues that by failing to conduct any inquiry into the potential for undue prejudice, the trial court erred, and the admission of Traylor's prior convictions for aggravated robbery automatically fell outside the "zone of reasonable disagreement." Traylor concludes that the judgment must be reversed and the case remanded for a new trial.

The State, on the other hand, argues that because Traylor testified and could be impeached like any other witness, his prior convictions were admissible under Texas Rule of Evidence 609, which his defense counsel waived by not objecting. The State further contends that any prejudicial effect that could have resulted from introducing the prior convictions was lessened because Traylor's testimony was impeached in other ways, such as initially lying to his wife about his alibi.

## B. Law

### 1. Rule 609

Texas Rule of Evidence 609 allows impeachment of a criminal conviction to attack a witness's character for truthfulness if (1) the crime was a felony or involved moral turpitude, regardless of punishment, (2) the probative value of the evidence outweighs its prejudicial effect to a party, and (3) it is elicited from the witness or established by public record. TEX. R. EVID. 609. In general, the balancing test for admitting evidence of a witness's prior convictions falls under Texas Rule of Evidence 609 and includes the *Theus* factors: impeachment value, temporal proximity, similarity, importance of the defendant's testimony, and credibility. *See* TEX. R. EVID. 609; *Theus*, 845 S.W.2d at 881.

*2. Rule 403*

Under Texas Rule of Evidence 403, the trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403; *Gigliobianco v. State*, 210 S.W.3d 637, 642 (Tex. Crim. App. 2006). "Rule 403 does not require exclusion of evidence simply because it creates prejudice; the prejudice must be 'unfair.'" *Johnson v. State*, No. 03-12-00006-CR, 2012 WL 1582236, at *4 (Tex. App.—Austin May 4, 2012, no pet.) (mem. op.) (citing *Martinez v. State*, 327 S.W.3d 727, 737 (Tex. Crim. App. 2010), cert. denied, 131 S. Ct. 2966 (2011); *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005)). Under this rule, trial courts have great discretion in deciding whether to exclude relevant evidence and "should favor admission in close cases, in keeping with the presumption of admissibility of relevant evidence." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (quoting TEX. R. EVID. 403). But to be clear, "once the rule is invoked, 'the trial judge has no discretion as to whether or not to engage in the balancing process.'" *Montgomery*, 810 S.W.2d at 389 (quoting 22 Wright & Graham, Federal Practice and Procedure: Evidence § 5250 (1978), at 544–45). No record of balancing is necessarily required, but if the record shows that the trial court did not perform the balancing test, then error occurred. *Craig v. State*, No. 14-00-01282-CR, 2003 WL 21467209, at *3 (Tex. App.—Houston [14th Dist.] June 26, 2003, no pet.) (citing *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 2001); *Colvin v. State*, 54 S.W.3d 82, 85 (Tex. App.—Texarkana 2001, no pet.)).

In cases such as this where the appellant has waived review under Rule 609 and objected instead under Rule 403, the factors we will review include the following:

> (1) how compellingly the challenged evidence serves to make a fact
> of consequence more or less probable;

(2) the potential the challenged evidence has to impress the jury "in some irrational but nevertheless indelible way;"

(3) the time the proponent will need to develop the evidence; and

(4) the force of the proponent's need for the evidence, i.e., does the proponent have other probative evidence available to him to help establish the fact of consequence.

*Williams v. State*, No. 04-08-00834-CR, 2010 WL 26331, at *3 (Tex. App.—San Antonio Jan. 6, 2010, no pet.) (citing *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003)).

"After reviewing the relevant criteria objectively, an appellate court should conclude that the trial court abused its discretion if the record reveals that one or more of the criteria demonstrates 'a risk that the probative value of the tendered evidence is substantially outweighed by unfair prejudice.'" *Hernandez v. State*, No. 03-07-00040-CR, 2010 WL 391850, at *9 (Tex. App.— Austin Feb. 5, 2010, no pet.) (mem. op.) (quoting *Montgomery*, 810 S.W.2d at 393); *accord Mosley v. State*, No. 01-95-01059-CR, 1997 WL 586177, at *4 (Tex. App.—Houston [1st Dist.] Sept. 18, 1997, pet. ref'd) (mem. op.).

## C. Analysis

<u>Traylor's character for truthfulness</u>

The fact of consequence at issue for the first balancing factor is Traylor's character for truthfulness. *See Williams*, 2010 WL 26331, at *3. As stated by the prosecutor in closing argument, the jury was allowed to consider Traylor's criminal history, but only to the extent of whether they believed him. *See id.* In this case, Traylor's prior convictions would not necessarily have helped the jury evaluate Traylor's credibility, because they were for aggravated robbery. *See, e.g.*, *Wheeler v. State*, No. 01-95-00288-CR, 1995 WL 717090, at *2 (Tex. App.—Houston [1st Dist.] Dec. 7, 1995, no pet.) (citing *Theus*, 845 S.W.2d at 881). "The impeachment value of crimes that involve deception is higher than crimes that involve violence, and the latter have a higher

potential for prejudice." *Theus*, 845 S.W.2d at 881; *accord Williams*, 2010 WL 26331, at \*3 (citing *Cuba v. State*, 905 S.W.2d 729, 734 (Tex. App.—Texarkana 1995, no pet.)). "This factor, therefore, weighs 'somewhat against admissibility.'" *Williams*, 2010 WL 26331, at \*3 (quoting *Cuba*, 905 S.W.2d at 734).

Irrational influence on the jury

Under the second factor of the Rule 403 analysis, we review evidence of Traylor's prior convictions 'for its potential to impress the jury in some irrational but indelible way,' such as character conformity." *McGregor v. State*, 394 S.W.3d 90, 120–21 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (quoting *Blackwell v. State*, 193 S.W.3d 1, 15 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd)). Examples from caselaw show that this factor is most likely to weigh against admissibility when the evidence in question is inflammatory. *See, e.g., Erazo v. State*, 144 S.W.3d 487, 495 (Tex. Crim. App. 2004); *Montgomery*, 810 S.W.2d at 395.

Traylor's prior convictions were identical to the charge he faced before the jury. There is a risk in allowing the jury to assume that Traylor would act in conformity with his criminal history without holding the State to its high burden of proof regarding the specific incident charged. *See Theus*, 845 S.W.2d at 881.

However, as argued by the State, when a defendant or other witness is impeached with a felony conviction within ten years under Rule 609, it can be considered proper impeachment to show the person's willingness to run afoul of the law. *See id*. Moreover, "[a]n impermissible inference of character conformity … can be minimized by the use of a limiting instruction." *McGregor*, 394 S.W.3d at 120–21 (citing *Jabari v. State*, 273 S.W.3d 745, 751 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). Here, the trial court read a limiting instruction to the jury, directing them to only consider this evidence for purposes of weighing Traylor's credibility. *See id*. at 121.

Ultimately, the State merely elicited the fact of Traylor's prior convictions without delving into details. Its introduction was not inherently inflammatory and unlikely to impress the jury in some indelible way. *See Mosley*, 1997 WL 586177, at *4 ("[T]he potential for impressing a jury in an irrational, indelible manner is much greater in a case where bizarre or titillating facts are presented through live testimony. Here, the danger was less because the prior convictions were presented by documentary evidence only."). Its effect was also explicitly limited by the trial court's jury instruction. *See McGregor*, 394 S.W.3d at 121. This factor therefore weighs somewhat in favor of admissibility.

Time the proponent will need to develop the evidence

As illustrated in the facts above, the State required very little time to question Traylor about his prior convictions. *See Gigliobianco*, 210 S.W.3d at 642. This factor weighs in favor of admission.

Force of the proponent's need for the evidence

The State has argued that it had overwhelming evidence of Traylor's guilt. Indeed, evidence against Traylor included a palm print at the scene, a video of the albeit disguised perpetrator, items of clothing matching the disguise at Traylor's home, a photo identification by the cashier, a faulty initial alibi, and a criminal timeline that was not entirely ruled out by Traylor's second alibi. This argument significantly cuts against the proponent's need to introduce evidence of Traylor's prior convictions for aggravated robbery. *See Gigliobianco*, 210 S.W.3d at 642 (citing *Montgomery*, 810 S.W.2d at 390). We especially consider that the fact at issue was Traylor's credibility, which we have noted is not significantly maligned by a violent prior offense, as opposed to a deceptive prior offense. *See Williams*, at *3. To the degree that the similarity between Traylor's charge and his convictions also increased the risk of unfair prejudice to Traylor's defense, this factor strongly militates against admission. *See id*.

In balancing the above factors, we conclude the trial court's decision to admit Traylor's prior convictions for aggravated robbery was an abuse of discretion under Rule 403. Therefore, we next evaluate whether the error was harmless.

### HARMLESS ERROR

#### A. Law

"[E]vidence admitted in violation of Rule 403 is non-constitutional error." *Burns v. State*, 298 S.W.3d 697, 703 (Tex. App.—San Antonio 2009, pet. ref'd) (citing *Williams v. State*, 27 S.W.3d 599, 603 (Tex. App.—Waco 2000, pet. ref'd)). "We therefore reverse only if the error in this case affected [Traylor's] substantial rights." *Id*. (citing TEX. R. APP. P. 44.2(b)). For this review, we look to the entire record to determine whether the erroneously admitted evidence had anything more than a slight effect on the jury's verdict. *See id*. (citing *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008)). "[A]n appellate court must disregard the error if the court, 'after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.'" *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003) (quoting *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001)); *see also* TEX. R. APP. P. 44.2(b)).

> Important factors are "the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." More specifically, the reviewing court should consider whether the State emphasized the error, whether the erroneously admitted evidence was cumulative, and whether it was elicited from an expert.

*Bagheri*, 119 S.W.3d at 763 (quoting *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002)).

#### B. Analysis

First, evidence of Traylor's prior convictions was not elicited from an expert or anyone but Traylor. *See Bagheri*, 119 S.W.3d at 763. Next, the character of the erroneously admitted evidence

was dry, short, and clear. *See Motilla*, 78 S.W.3d at 359. The State asked Traylor briefly about his prior convictions during cross-examination after questioning Traylor about his alibi. *See id*. Further, Traylor's prior convictions were not part of the State's main theory of the case, but rather a point of impeachment that the State mentioned briefly during its closing when the prosecutor stated,

> [S]ince the defendant did choose to testify in this case, you're actually allowed to consider the criminal history, only to the extent of whether you believe him or not. You can't hold their criminal history against them, but you can consider their criminal history, and whether you decide to believe them or not. And we cannot forget that he did mention up there that he is a three-time felon for an aggravated robbery.

This comment was given as an example of assessing the credibility of a witness before the State began applying the facts of the case to the jury charge for aggravated robbery. *See id*. The trial court also directed the jury to only consider evidence of Traylor's prior conviction in assessing his credibility, if it helped them in their assessment. *See Burns*, 298 S.W.3d at 703.

In its application of the case facts and argument for Traylor's guilt, the State focused on the victim's testimony and description of the perpetrator, the surveillance video, evidence of the perpetrator's disguise found at Traylor's home (black hoodie, red wig, sunglasses), Traylor's palm print on the clean store counter, and the victim's photo identification of Traylor. *See Motilla*, 78 S.W.3d at 356 (holding that overwhelming guilt is one factor to be considered). Traylor's closing emphasized his alibi and attacked the State's evidence. The State rebutted Traylor's closing with arguments highlighting the case evidence in support of his guilt. Traylor's criminal history was not mentioned again. *See Bagheri*, 119 S.W.3d at 763.

The evidence of Traylor's prior convictions did not violate his substantial rights. We conclude that the erroneous admission of evidence was a harmless error, and we overrule Traylor's sole issue.

**CONCLUSION**

Based on the record before us, we conclude that the trial court abused its discretion by allowing the State to question Traylor about his prior convictions for aggravated robbery during cross-examination.  *See Hernandez*, 2010 WL 391850, at *9 (quoting *Montgomery*, 810 S.W.2d at 393).  However, the record shows that the error was harmless.  *See Bagheri*, 119 S.W.3d at 763.  Accordingly, we overrule Traylor's sole issue and affirm the trial court's judgment.

Patricia O. Alvarez, Justice

PUBLISH